## Dean v. Goddard *et al.*

1. EXECUTION VALID AS TO OFFICER. An execution which showed that the judgment under which it was issued was "recovered before G. S. M." without stating that he was a justice of the peace, was not absolutely void in the hands of a constable, so as to enable him to protect himself from liability on his bond for improper or negligent treatment of property seized or levied upon by virtue thereof.

*Appeal from Bremer District Court.*

FRIDAY, JUNE 6.

THIS is an action against Goddard and his sureties, upon his official bond as constable. It is alleged that Potter,

Dean v. Goddard.

Hitchcock & Co., recovered a judgment against plaintiff, before Matthews, a justice of the peace; that an execution was issued by Tyrrell, the successor of said Matthews, which was placed in the hands of said Goddard, and by him levied upon a mare, the property of said plaintiff; that the constable abused said property, and neglected to take the proper care of her, whereby she died, &c. An answer was filed, admitting the judgment, execution and levy, but denying the negligence and improper treatment. After this, without withdrawing the former one, an answer was filed by Goddard, denying the judgment, and specifically all the allegations of the petition, except his election as constable, and the levy. The sureties also answered, without withdrawing their first answer, denying every allegation in the petition.

On the trial, the plaintiff offered in evidence the execution, a copy of which was attached to his petition, as follows:

" State of Iowa, } ss.
  Bremer County, }

" To any constable in said County, Greeting:

You are hereby commanded, that of the goods and chattels of Geo. R. Dean, except what the law exempts, you cause to be made the sum of fifteen and $\frac{48}{100}$ dollars, together with interest thereon, at the rate of ten per cent per annum, from the 20th day of January, A. D. 1859, until paid, which amount in favor of Potter, Hitchcock & Co., was recovered before George S. Mathews against Geo. R. Dean, on the 21st day of December, A. D. 1858, in certain action of debt, also costs of suit, together with all accruing costs, and make your legal service and due return of this writ to me at my office in said county, within thirty days from this date.

" Given under my hand this 20th day of January, A. D. 1859. Edwd. Tyrrell, *Justice of the Peace.*"

This was objected to upon the ground that it was void upon its face. The objection was sustained and the execution rejected. Plaintiff then offered to prove by parol, that said Matthews was an acting justice at the time of the rendition of the judgment, and that he did render the same. This was objected to, and the objection sustained. And there being no further testimony, judgment was rendered for the defendants, and the plaintiff appeals.

*John E. Burke* for the appellant.

The failure of the justice who issued the execution to annex " J. P." or " Justice of the Peace," to the name of his predecessor, was merely a clerical mistake or omission, and did not render the execution void. *Sheldon* v. *Van Buskirk*, 2 Com., 473; *Elliott* v. *Cronk's Administrator*, 13 Wend., 35; *Irden* v. *Potterfield*, 19 Geo., 139; *Kellogg ex parte*, 6 Vt., 511; *Klessendorf* v. *Ford*, 3 B. Monr., 471; 3 G. Greene, 489; 19 Georgia, 139. Formal defects not rendering an execution void, cannot be taken advantage of by an officer to shield himself from the consequences of neglect of duty. *Chase* v. *The Township of Plymouth*, 20 Vt., 469. The substance of the statute was not complied with, and the execution sufficiently identified the judgment to render certain the authority upon which it issued. *Sprott* v. *Reid*, 3 G. Greene, 489.

*J. C. Wright* and *L. L. Ainsworth* for the appellee.

WRIGHT, J.—The writ was held void, for the reason that it did not " show that it was issued upon a judgment rendered by an officer." And this ruling we think was erroneous. The failure to attach the words " Justice of the Peace," or the letters " J. P." to the name of the person rendering the judgment, would not have the effect of rendering the writ absolutely void in the hands of the constable, so as to

enable him to protect himself for his improper or negligent treatment of property seized or levied upon by virtue thereof. The defendant in the execution might claim that it was irregular and voidable, perhaps, but not void. If not void as to the defendant, the defect certainly could not avail the constable, nor his sureties, after he had acted upon it as a valid writ, and suffered property seized thereunder to perish because of his abuse of the same.

It was the duty of Matthews, upon the expiration of his term of office, to deposit with his successor his official dockets and papers, to be kept as public records. His successor was invested with power to issue executions on judgments found unsatisfied in the dockets, thus coming into his hands, in the same manner and with like effect as the justice rendering the same. (Code, 1851, §§ 2377–79, and 2387.) And though it would be more strictly proper and regular that the official character of the justice or person rendering the judgment should be expressly stated, yet this clerical omission will not vitiate nor make void the writ, for its basis, purpose and object sufficiently appear, and especially so, as the justice issuing it is a sworn public officer, and some presumptions may be legitimately indulged in, where he is in the discharge of a duty enjoined by law. Not only so, but the execution so describes and identifies the judgment as to render certain the authority upon which it was issued, and was therefore sufficient to invest the officer with power to levy and sell. If so, it would not be void. (*Sprott* v. *Reed*, 3 G. Greene, 489; *Sheldon* v. *Van Buskirk*, 2 Comstock, 473; *Elliott* v. *Cronk's Administrator*, 13 Wend., 35.)

Again, it may be questioned whether, under the state of the pleadings, the objection, if good upon general principles, could avail. After admitting the judgment, execution and levy, an answer was filed denying the same matters. There was no withdrawal of the first, no substitution, no leave to

file an additional or further answer, nothing indicating that the several answers were to be treated as one, but the cause was tried upon the issues thus made up, though clearly conflicting and inconsistent. Under such circumstances, we regard it very doubtful whether defendants were not estopped from denying the authority for issuing the writ. But holding as we do above, it is not necessary to pass upon this view of the case.

Reversed.