## FERRER M. INMAN vs. JOHN S. MEAD.

The levy of an execution on land is not invalid by reason merely of the failure of the officer's return to explain why, after the seizure of the land, one month intervened before the appraisers were sworn.

D., being insolvent, conveyed to C. a lot of land, which C. for a valuable consideration conveyed to M., who took it with notice that it had meanwhile been seized on an execution in favor of F. against D., but before the completion of the levy. On the trial of a writ of entry brought by F. against M. for possession of the land, at which F. contended, and there was evidence tending to show, that the conveyance to C. by D. was "with intent to delay and defraud D.'s creditors, and on a trust for D. express or implied, whereby D. became entitled to a present conveyance," *Held* that, nevertheless, as against M., the judgment obtained by F. against D. was not conclusive evidence that F. was a creditor of D. at the time when it was rendered.

WRIT OF ENTRY to recover a tract of land in Milford. The demandant claimed title by virtue of the levy thereon of an execution in his favor against one John M. Daniels.

At the trial in the superior court, before *Wilkinson, J.*, the demandant contended, and there was evidence tending to show, that the land was conveyed to one Elbridge G. Cook by Daniels, April 11, 1863, "with intent to delay and defraud his cred itors, and on a trust for him, express or implied, whereby he became entitled to a present conveyance," and that " at the time of his deed to Cook, Daniels was deeply indebted and insolvent;" and it appeared that the record title to the land stood in Cook's name until September 29, 1865, when he conveyed it to the tenant, who purchased it for a valuable consideration, but with notice that it had been seized on execution by the demandant.

The evidence showed that the action in which the demandant obtained execution against Daniels was commenced on a writ returnable to the superior court, dated less than fourteen days before return day, and that there was no service thereof other than was contained in an acknowledgment of service signed by Daniels; that upon the entry of the action Daniels appeared and defended against it; that it was referred to an auditor to report on all questions raised by the pleadings; and that on his

report final judgment was rendered for the demandant upon default of Daniels to further prosecute his defence.

It appeared that the execution thereon was issued September 21, 1865; and the part of the officer's return which is material to the issue in the present action was as follows: " Worcester, ss. September 22, 1865. By virtue of this execution I certify that the same was placed in my hands this day at five minutes past eleven o'clock in the forenoon, for the purpose of taking the land of the defendant within my precinct, and by virtue thereof, at the time aforesaid, I seized all the real estate of the said defendant in the town of Milford, or elsewhere in the county of Worcester, and especially a certain tract, (here follows a description of the land in controversy,) the record title of which stands in the name of Elbridge G. Cook; and, October 21, 1865, I caused three disinterested and discreet men to be sworn as appraisers, to wit: Homer T. Ball, who was appointed by the within named Ferrer M. Inman, the creditor; Amos Holbrook, and Gordon N. Hayward, who were both appointed by me; the said John M. Daniels, the debtor, having been duly notified and neglecting to choose an appraiser."

1. The tenant objected to this as evidence of a levy valid against himself, " by reason of the delay of the officer, not explained or accounted for in his return, after taking the land, in giving notice thereof to the debtor, appointing appraisers, and proceeding in the premises as by law required;" but the judge overruled this objection.

2. The tenant then offered evidence tending to show " that the demandant's judgment in his. action against Daniels was unfounded and erroneous, and that Daniels was not indebted to the demandant and could have successfully resisted the demandant's claims therein;" but the judge excluded this evidence, and held that the judgment was conclusive upon the tenant as evidence of the indebtedness of Daniels to the demandant at the time thereof and for all the purposes of the present action.

A verdict was returned for the demandant; and the tenant alleged exceptions.

*H. B. Staples & W. F. Slocum*, for the tenant, argued, to the first point: By a proper construction of the return, after the seizure of the land, there was no notice of the levy to the debtor, nor any further proceeding, until October 21; and the levy is thereby invalid. Gen. Sts. *c.* 103, §§ 3, 24. *Hall* v. *Crocker*, 3 Met. 245, 247. As no time is fixed for notice, except that " after taking the land on execution," the officer " shall give notice to the debtor," it must be given as soon as it reasonably can be. *Howe* v. *Huntington*, 15 Maine, 350. If it is held that the return shows a notice to the debtor in compliance with the statute, then the officer did not " proceed without unnecessary delay to have the estate appraised" after allowing the debtor " a reasonable time to appoint an appraiser." Gen. Sts. *c.* 103, § 24. *Buck* v. *Hardy*, 6 Greenl. 162. *Blanchard* v. *Brooks*, 12 Pick. 47. *Waterhouse* v. *Waite*, 11 Mass. 207. In all the reported cases in this Commonwealth, where a delay of nearly equal duration has not proved fatal to the levy, it occurred between the appointment of the appraisers and the completion of the levy, and in all the cases reported, directly after the notice to the debtor, generally on the same day, the officer proceeded to appoint the appraisers. *Cowls* v. *Hastings*, 9 Met. 476. *Heywood* v. *Hildreth*, 9 Mass. 393. *Bucknam* v. *Lothrop*, 9 Allen, 147. *Kellenberger* v. *Sturtevant*, 11 Cush. 160. *Hall* v. *Hoxie*, 3 Met. 251. In the absence of any facts in the return explaining the delay as a reasonable one, the court must pass on the question of " reasonable time" and " unnecessary delay" as one of law. *Williams* v. *Amory*, 14 Mass. 20. *Bradley* v. *Bassett*, 2 Cush. 417. *Gilmore* v. *Wilbur*, 12 Pick. 120.

*G. F. Hoar & T. G. Kent*, for the demandant, argued, to the second point: The tenant was not entitled to impeach the judgment; for the verdict finds that Cook had no interest in the land except as trustee for the debtor, and no such interest therein to be collaterally affected by the claim of the demandant as would entitle him to show that the judgment on which such claim was based was erroneous. Gen. Sts. *c.* 103, § 1. *Arnold* v. *Brown*, 24 Pick. 96. None of the cases sustain the position of the tenant that the judgment, as conclusive evidence of th

indebtedness of Daniels to the demandant at the time it was rendered, may be impeached for want of sufficient evidence produced by the demandant in his action against Daniels.  *Downs* v. *Fuller,* 2 Met. 138, and cases cited.  *Vose* v. *Morton,* 4 Cush. 27, and cases cited.  *Clark* v. *Fowler,* 5 Allen, 45.   See also *De Forest* v. *Strong,* 8 Conn. 513.   The phrase in these exceptions that the tenant offered to show that that judgment was " unfounded and erroneous," will not be claimed to mean error in its technical sense, but only a wrongful determination of the facts.   The tenant did not seek to impeach it for any cause that would sustain a writ of error if brought by a party or privy ; nor for collusion or fraud ; nor for want of jurisdiction or defective service.

HOAR, J.   The officer's return sets forth with distinctness that the premises were taken on execution on the 22d of September 1865.   The next statement in the return is that on the 21st of October 1865 he caused three disinterested and discreet men to be sworn as appraisers, one of whom was appointed by the creditor and the other two by the officer, the debtor having been duly notified and neglecting to choose an appraiser.   The time when the debtor was notified, and the time when the appraisers were appointed, is not distinctly given.   The statute does not require that they shall be.   Gen. Sts. *c.* 103, § 25.   It sufficiently appears that the notice had been given between the two dates named, that the debtor had been given a reasonable time to choose an appraiser, and had neglected to do so, and that the appraisers had been accordingly appointed in the manner prescribed by law.   *Blanchard* v. *Brooks,* 12 Pick. 47.   *Cowls* v. *Hastings,* 9 Met. 476.   *Bucknam* v. *Lothrop,* 9 Allen, 147.   The defendant purchased the estate, with notice that it had been taken on execution, on the 29th of September 1865.   Under these circumstances, and with the legal presumption in favor of the rightful conduct of persons having an official duty to perform, there being nothing to show that the delay in completing the levy was unnecessary, or that the rights of any person were injuriously affected by it, we do not think that the validity of the levy was impaired thereby.   In other words, the delay was

not so great as to lead to the conclusion that, though unex plained by the return, it was unreasonable.

But upon the other point presented by the bill of exceptions there is a difficulty, of which no satisfactory solution is afforded The court ruled that the judgment which the demandant had recovered against Daniels, and by virtue of which he had made his levy upon the demanded premises, " was conclusive upon the defendant in this action as evidence of the indebtedness of Daniels to Inman at the time of its rendition, and that Inman was a creditor of Daniels for all the purposes of this case." The demandant had levied his execution against Daniels upon land of which Cook had a conveyance from Daniels, made or the 11th of April 1863, and of which the record title was in Cook at the time of the levy. He claimed the right to take it on the ground that the conveyance had been made to Cook " with intent to defeat, delay and defraud the creditors of Daniels, and on a trust for him, express or implied, whereby he became entitled to a present conveyance." Now the defendant was not a party or privy to the demandant's judgment. He had therefore a right to avoid it by plea and proof, if his rights would be injuriously affected by it. This general proposition is too clear to need the citation of authorities. *Downs* v. *Fuller*, 2 Met. 135. But the demandant's counsel have endeavored in argument to make a distinction between cases where the only fact to be established is the right of a creditor against the judgment debtor himself, and cases where such a right may incidentally affect third persons ; and claim that if the defendant has no greater or other right to the land than Daniels had, then the judgment should be as conclusive against him as it would be against Daniels. But whatever soundness there may be in this distinction, it is not, in our apprehension, applicable to the facts in the case. To support it, it must appear that the jury have found for the demandant both parts of his allegation, or at least the latter, namely, that the conveyance of Daniels to Cook was upon a trust under which the grantor was entitled to a present conveyance. This does not appear from the report of the evidence or from the verdict. The jury may have found for

the demandant on the ground that the conveyance was fraudulent against creditors. The statute enables creditors to levy upon land which has been thus conveyed, although the debtor has no remaining interest in it which he could enforce in any manner. The demandant went farther in his allegation, and in his evidence; but the jury may not have been satisfied of anything more than that the conveyance to Cook was intended to defraud creditors. If that were all, as Daniels himself would have no remaining interest in the land, Cook would have a right to hold it against every one but an actual creditor; and upon the question whether the demandant was really a creditor, it is obvious, according to the most elementary notions of justice, that the defendant would not be concluded by a judgment of which he had no notice, to which he was not privy, and against which he had never an opportunity to be heard. His position is, not that the demandant has not a valid judgment against Daniels, which Daniels cannot contest, but that the demandant was not a creditor, and so could not be defrauded. The right to show that the judgment was recovered by fraud or collusion, which is conceded, tests the principle involved. The demandant cannot by any consent of his own, nor by any proceeding to which the tenant is not a party, give the rights of a creditor to one who is not a creditor.

The importance of the principle will appear more strongly when we consider that one who has received a conveyance in fraud of creditors may lose his property, although he has paid for it its full value. To disturb his title, the fact that he who levies upon the land is a creditor must be established against him; and it has never been established, except in a suit against another party, and after his title accrued. On the ground that the judgment against Daniels was not conclusive proof against the defendant that the demandant was a creditor of Daniels at the time of its rendition, the exceptions are sustained.