CUNNINGHAM v. FELKER.

1. Judicial sale: VARIANCE BETWEEN JUDGMENT AND WRIT. A variance of fifty cents between the judgment and execution under which a sheriff's sale of real estate is made, will not render the sale void when the judgment is clearly identified by the execution.

2. —— SALE EN MASSE: DELAY IN ATTACK. Where it is *prima facie* shown from the return of the sheriff, that lots were sold *en masse*, this fact alone will not be sufficient to invalidate the sale, where it

is not shown that the debtor was injured by the mode of sale adopted, and he has delayed, without excuse, to question the same for nearly six years.

*Appeal from Hardin District Court.*

WEDNESDAY, DECEMBER 9.

SHERIFF'S SALE: VARIANCE BETWEEN JUDGMENT AND WRIT: INADEQUACY OF PRICE: DELAY, ETC. — Petition to set aside sheriff's sale and deed, filed in May, 1866. The sheriff's sale was made, October 22, 1860, on an execution from Johnson county, in favor of the present defendant and against the present plaintiff. The sheriff's deed to the defendant was executed in June, 1862. The property sold, consisted of certain lots in the village of Steamboat Rock, in Hardin county. There is no evidence that these lots were actually occupied at the time of the sheriff's levy and sale. The only testimony in the record is the sheriff's deed; copy of transcript of judgment filed in Hardin county; copy of execution and sheriff's return filed in Hardin county, and copy of the record entry of judgment in Johnson county.

The petition was dismissed at the hearing, and the plaintiff appeals.

*E. W. Eastman* for the appellant.

No appearance for the appellee.

DILLON, Ch. J. — The plaintiff claims that he is entitled to have the sheriff's sale and deed set aside on various grounds. These we proceed to notice.

I. *For variance between the execution and judgment.*

The judgment is for $201 debt, and $7.15 costs. The execution is for $201.50 debt, and $8.40 costs. The prop-

I. JUDICIAL SALE: variance between judgment and writ. erty sold for less than the amount of the judgment. The difference in the amount of costs is accounted for by adding the clerk's fee for the execution, $1.25, to the $7.15 specified in the judgment. The only real variance between the judgment and the execution, is fifty cents. As the parties, the date of judgment, the court which rendered it, etc., are accurately stated in the writ, the variance in the particular specified, does not render the sale void, as claimed by the appellant's attorney. In *Sprott* v. *Reid* (3 G. Greene, 489), cited by appellant's counsel, the variance was greater than in the present instance, and the sale was nevertheless upheld. See also, *Cooley* v. *Brayton* (16 Iowa, 10), and authorities there referred to; and *Dean* v. *Goddard* (13 Iowa, 292), and cases cited. The execution in this case sufficiently identifies the judgment to render certain the authority upon which it issued, and is not void.

II. *Inadequacy of price.*

It is a sufficient answer to this objection to state that there is no evidence whatever in the record respecting the value of the lots.

III. *Alleged failure to file transcript of judgment in Hardin county, in compliance with section* 3249 *of the Revision.*

This is answered by the fact, that the record does show that such a transcript was filed in Hardin county on July 30th, 1860, prior to the date of the execution which issued from Johnson county, where the judgment was rendered. In the transcript filed in Hardin county there is no variance whatever between the amount of the judgment rendered in Johnson county and the amount stated in the transcript.

IV. *Sale of the lots en masse.*

*Prima facie* the sheriff's return shows this objection to be true in point of fact. There is no evidence to show

**2. —— sale en masse; delay in attack.** that the lots were sold for less than their value, or that the debtor was injured by the mode of sale adopted. This, and the unexcused delay of nearly six years to institute any proceedings to question the sale, justify the decision of his honor below, denying the relief sought. The plaintiff alleged, but failed to prove, an excuse for this protracted delay.

Applications to set aside judicial sales for mere irregularities, ought not to be unreasonably deferred. *Stewart* v. *Marshall*, 4 G. Greene, 75.

In the present case the application was stale, leaving room for the inference of an acquiesence in the sale until a change in the value of the property had occurred.

Affirmed.