Cole, Ch. J.
The plaintiff, by an amended petition, averred bis ownership of tbe property replevied and in controversy, by purchase from one A. G. Burdick. Tbe defendant in bis answer thereto -averred that tbe alleged contract of purchase was made for tbe purpose of cheating tbe creditors of A. Gr. Burdick, and was fraudulent; that defendant'was a constable, and as such bad seized tbe property under an execution against said A. Gr. Burdick, of which tbe following is a copy: “ Jackson county, ss: To any constable of said county greeting: In tbe name of tbe State of Iowa. You are commanded to levy of tbe goods and chattels of A. Gr. Burdick, excepting such goods and chattels as are by law exempt from execution, fifty-two dollars and forty-seven cents, which R. G. Gardner lately before me, tbe undersigned, a justice of tbe peace of said county, recovered July 22, 1868, against him for damages and costs, and bring tbe money before me at my office in the town of South Fork in thirty days from tbe date hereof, to render to said plaintiff, and garnishee whom plaintiff directs. Given under my band at tbe town aforesaid, tbe 24th day of July, 1868. Debt, $51.47. Costs, $1.50. Judgment, $52.97, including execution.
“ F. Wilbur, Justice of the Peace P
This answer was demurred to on tbe ground that tbe execution set forth therein was illegal, invalid and void, for tbe reasons that it did not intelligibly refer to tbe judgment, stating tbe time and place at which it was rendered as required by Revision, section 8251; it does not state tbe parties to tbe action and judgment; nor tbe amount, nor tbe amount still to be collected; nor does it show the venue within tbe State of Iowa. This demurrer tbe justice sustained; tbe defendant stood by bis answer, and judgment was rendered against him. - Tbe sustaining of this demurrer is one of tbe errors complained-of.
It was error to sustain it. When construed in tbe light *57 of a “ common understanding,” and especially by tbe liberality indulged toward proceedings before justices of tbe peace, tbe execution does state tbe time and place, to wit: “ before me,” “ July 22, 1868,” “ at my office in tbe town of South Fork;” it does state the parties to tbe action and tbe judgment, to wit: R. G. Gardner recovered against him, A. G. Burdick; it does state tbe amount of tbe judgment, and closes up with a statement of tbe amount of tbe debt and costs, as tbe amount still to be collected ; it shows tbe venue to be in Jackson county, and tbe execution runs in tbe name of the State of Iowa. This is sufficient. Vide Dean v. Goddard et al., 13 Iowa, 292; Cooley v. Brayton, 16 id. 10, and authorities cited in both cases.
It is not necessary to notice tbe other errors complained. None of them are likely to occur in a subsequent trial.
Reversed.