## SOPHIA L. PETERSON *vs.* ELIZA FARNUM.

Suffolk.    March 16, 1876. — Jan. 8, 1877.

Where, upon a writ of entry to recover land levied upon, under the Gen. Sts *c.* 103 § 1, as land purchased by a judgment debtor, and conveyed, in fraud of his cred- itors, to the tenant, it appears that the judgment debtor purchased the land and that the deed was made to the tenant, the question whether the demandant is a creditor, and to what amount, is not open to the tenant any farther than it would be to the debtor.

No exception lies to a refusal to give an instruction in the precise language requested, if it is given in substance.

The ignorance of a grantor, in respect to an incumbrance on land conveyed by him, has no bearing on the issue whether the grantee became his creditor at the date of the conveyance, or subsequently, when the grantee removed the incumbrance.

No exception lies to the admission of incompetent evidence, if no objection is made when the evidence is put into the case.

Upon a writ of entry to recover land levied upon, under the Gen. Sts. *c.* 103, § 1, as land purchased by a judgment debtor, and conveyed, in fraud of his creditors, to the tenant, evidence was admitted that the debtor sold a lot of land shortly before the land in question was bought, and the deeds to and from him were put into the case; that he built a house on the land in question; and that search was made and no other property of his was found. *Held,* that the tenant had no ground of exception.

WRIT OF REVIEW of a judgment recovered by the defendant in review against the plaintiff in review, on a writ of entry brought to recover possession of a certain parcel of land, on the ground that the land was paid for by the money of Christian F. Peterson, husband of the plaintiff in review, and that the con- veyance to her was not valid as against the creditors of her hus- band.    Trial in the Superior Court, before *Brigham*, C. J., who allowed a bill of exceptions in substance as follows :

The defendant in review offered in evidence a record of an action brought by her against Christian F. Peterson, in which judgment had been rendered for the plaintiff, and upon which execution had issued and been levied upon the land in question. This evidence was objected to ; but the judge admitted the rec- ord, as evidence of the judgment and levy, and as *primâ facie* evidence of the indebtedness of Christian F. Peterson to the de- fendant in review.    The plaintiff in review asked the judge to rule that the levy was invalid for want of notice to the defend- ant Peterson, or his attorney, to choose an appraiser, the return of the officer showing that whatever notice was given was in writing ; and no copy of the writing was annexed to the return

to enable the judge to determine its sufficiency. This objection was not made at the time when the levy was put in evidence, but afterwards, before the arguments began.

The defendant in review offered in evidence, calling attention to the consideration named therein, a deed of Ann S. Cook and others to Christian F. Peterson, dated May 30, 1863, and a deed of Peterson to one Clapp, dated April 17, 1867, of other land, and a deed of William H. Richardson to Sophia L. Peterson, dated August 20, 1867, as evidence tending to show that the land conveyed by the latter deed, the same being the deed by which the plaintiff in review acquired title to the land in suit, was paid for by the money of said Christian F. Peterson. The consideration named in the first deed was $725 ; in the 2d, $4100 ; and in the 3d, $1000. The first and second deeds were objected to, because the plaintiff in review was not a party to them ; but the judge admitted them in evidence. Both parties afterwards introduced parol evidence relating to the same matters.

The defendant in review offered evidence tending to prove that Christian F. Peterson built a house on the land conveyed to him by Cook and others. This evidence was objected to, and admitted by the judge. The defendant in review also offered the testimony of her husband regarding his searches for other property of Christian F. Peterson, and the fact that he found no other property. This testimony was objected to, and admitted by the judge.

The plaintiff in review called Charles Leach, an expert of real estate in the vicinity of the land in dispute, and offered to prove by him that said real estate, at the time it was set off on the levy, had a value largely in excess of the indebtedness of said Christian F. Peterson to the defendant in review, and also, in excess of the value at which it was appraised and set off on the execution. This evidence was rejected by the judge.

The only evidence in the case, tending to show any indebtment on the part of Christian F. Peterson, was the covenant against incumbrances in a deed of said Peterson to the defendant in review, of October 9, 1862, and the amounts paid by her in 1870, to remove the incumbrances. There was no evidence tending to show that Christian F. Peterson was ever indebted to any other person, or expected to be. The plaintiff in review asked the

judge to rule that the defendant in review did not become a creditor of Christian F. Peterson, until 1870, when the payments were made to remove the incumbrances. The judge declined so to rule, but instructed the jury upon this part of the case as hereinafter appears.

Evidence was introduced by both parties upon the question whether Christian F. Peterson was aware of outstanding incumbrances at the time of his conveyance, October 9, 1862, to the defendant in review. Christian F. Peterson was present at the trial, but not called as a witness. The plaintiff in review asked the judge to rule that, if such were the case, the defendant in review was not his creditor until 1870. But the judge ruled that his ignorance of the incumbrances had no effect upon that question.

There was evidence tending to show that said judgment, and the verdict therein, in the action of the defendant in review against Christian F. Peterson, was for a larger amount than the amount actually due from said Peterson to her, and that the verdict and judgment for the larger amount was the result of false testimony, given at the trial by the defendant in review and her husband, that the defendant in review had paid to Francis L. Capen, for a conveyance of said Capen's title to the land conveyed by Christian F. Peterson to the defendant in review, before her marriage to Farnum, the sum of $500, whereas there was evidence tending to prove that in fact she had only paid for said title the sum of $300. The plaintiff in review asked the judge to rule that if the judgment, in the action of the defendant in review against Christian F. Peterson, was for a materially larger sum than the amount actually due, the levy and set-off, being for the larger amount, was void as against the plaintiff in review in this action. The judge declined so to rule, but did rule that the difference between the debt and judgment was immaterial, provided that the defendant in review was a creditor to any amount. The plaintiff in review also asked the judge to rule that if said judgment was for a materially larger sum than the amount actually due, and was the result of false testimony of the plaintiff and her husband, the plaintiff could not recover in this action. The judge refused so to rule.

The plaintiff in review introduced evidence tending to show that she gave her husband $1000 of her own money to buy the

land in controversy, and the counsel for the defendant in review argued to the jury that there was no evidence that the husband of the plaintiff in review, after receiving said money, might not have substituted $1000 of his own money in place of the $1000 given him by his wife. The plaintiff in review asked the judge to instruct the jury, that, if she gave her husband $1000 to buy the land for her, and he took the money and brought back to her a deed of the land, it was immaterial whether he had paid the same money for the land, or kept her money and used his own to buy the land with. The judge refused so to rule.

The judge instructed the jury as follows : " If the land conveyed to the defendant in review was, on October 9, 1862, when conveyed, incumbered by an outstanding title to the same, the covenant of the deed by which the land was conveyed was broken on that day, although the defendant in review was not disturbed in her possession of the land, and had not expended any moneys in relieving the land of this outstanding title ; and, for the purposes of the present inquiry, it may be assumed that on October 9, 1862, or whenever Christian F. Peterson delivered to her a deed of such land, the defendant in review had a relation to Christian F. Peterson, which, in legal effect, was that of a creditor, and she was a person who could contest the validity of the title of Christian F. Peterson's wife to the land in controversy ; provided, that the land was paid for, directly or indirectly, by Christian F. Peterson, and conveyed to the tenant with intent to defeat, delay or defraud his creditors.

" On December 1, 1870, the defendant in review caused the land in controversy to be attached as the land of Christian F. Peterson, in due form of law, in an action to recover damages of him for a breach of the covenants of the deed given by him to her on October 9, 1862, and prosecuted this action to a final judgment, obtained on February 1, 1873, for the sum of $1128.34 ; and thereupon, on February 28, 1873, levied, in due form of law, the execution issued upon this judgment in her favor upon the land in controversy, as if it was the land of Christian F. Peterson, and became entitled to the possession of that land ; provided, at the time of such attachment and levy, the land levied upon was land which had been purchased, directly or indirectly, by Christian F. Peterson of William H. Richardson, and con-

veyed to the plaintiff in review by Richardson, to defeat, delay or defraud existing creditors of Christian F. Peterson, or persons to whom he expected to be indebted beyond his ability to pay, and who became his creditors. The defendant in review had such rights in relation to Christian F. Peterson, at the time of the conveyance of Richardson to the plaintiff in review, on delivery of the deed of Christian F. Peterson, on October 9, 1862, prior to Richardson's conveyance of the land to the plaintiff in review, made on August 20, 1867, and was a subsequent creditor by means of her judgment obtained on February 1, 1870; so that, either as an existing or subsequent creditor, she might contest successfully the validity of the deed of Richardson to the plaintiff in review, if her evidence affected it with the required proof of fraud. The proof need not be that Christian F. Peterson had a specific intent to defraud, defeat or delay the defendant in review as a creditor then existing, or a specific intent to defeat, defraud or delay her, whom he expected would be his creditor, when she became a creditor. A fraud intended to affect any existing or subsequent creditors, so that property purchased by Christian F. Peterson could not be come at, to recover debts then contracted or expected to be contracted, by attachment or seizure, would be such a fraud as these instructions refer to."

The jury returned a verdict for the defendant in review; and the plaintiff in review alleged exceptions.

*B. Dean*, for the plaintiff in review.

*G. W. Park*, for the defendant in review.

LORD, J. The rules applicable to a levy upon real estate, the title to which was once in the judgment debtor, are not necessarily those which apply to a levy upon real estate, the title to which was never in him. In the former case, the creditor is entitled to levy upon the estate, if it has been conveyed for the purpose of delaying, defeating or defrauding creditors; and if the grantee participates in the purpose of the grantor, it is immaterial whether the conveyance is a voluntary conveyance, or whether it is for the full value of the estate. Nor is it material, to the title of the fraudulent grantee, whether any or what consideration passed between the parties. The whole legal and equitable title passes by the conveyance, so far as relates to the grantor and his heirs. Neither he nor they can claim any right, title or interest in the granted estate.

When, however, money is paid by one for land and the conveyance is to a third person, the relation between the grantee and the one who pays the consideration is quite other than that of grantor and grantee. When such conveyance is made to a stranger, a trust results in favor of the one who pays the consideration, and, in the absence of all proof to the contrary, the legal estate only vests in the grantee, and that upon a naked trust in favor of the actual purchaser. The actual purchaser has an equitable estate, which the law recognizes, and which equity enforces. He has, even as against the grantee, the entire equitable estate.

If, therefore, this conveyance had been made to a stranger, it would have fallen directly within the words of the statute as to land subject to be levied on as the judgment debtor's. Though the stranger has the mere legal estate with no beneficial interest whatever in the land, it may be levied on as the land of him who has the entire beneficial interest. Gen. Sts. *c.* 103, § 1. The person, who thus holds the legal estate, has no interest in the estate, beyond that merely nominal estate. As between him and the beneficial owner, as well as between him and the rest of the world, the whole valuable interest and estate is in the one who has paid for it.

This distinction was observed in the case of *Inman* v. *Mead,* 97 Mass. 310. In that case, the judgment debtor, Daniels, had held the fee of the estate and had conveyed it to one Cook; and the claim of the demandant was that the conveyance to Cook had been made with intent to defeat, delay and defraud the creditors of Daniels, and on a trust for him, express or implied, whereby he became entitled to a present conveyance. The learned judge who delivered the opinion in that case says : " But the demandant's counsel have endeavored in argument to make a distinction between cases where the only fact to be established is the right of a creditor against the judgment debtor himself, and cases where such a right may incidentally affect third persons ; and claim that if the defendant has no greater or other right to the land than Daniels had, then the judgment should be as conclusive against him as it would be against Daniels. But, whatever soundness there may be in this distinction, it is not, in our apprehension, applicable to the facts in the case. To sup-

port it, it must appear that the jury have found for the demand-
ant both parts of his allegation, or at least the latter, namely,
that the conveyance of Daniels to Cook was upon a trust under
which the grantor was entitled to a present conveyance. This
does not appear from the report of the evidence or from the ver-
dict." It will be perceived that while the court had this dis-
tinction in mind, it was found that the facts of that case did
not warrant a decision of the point now under consideration.

We think, however, as well upon the intimation in that case,
as upon principle, that the person who holds a mere naked fee
in land, in trust for the one who has paid the purchase money,
has no such interest in the land as that he can question the
right of the *cestui que trust* or his heirs, in assigning or dispos-
ing of it, or to question the right of a judgment creditor to levy
upon it. The judgment creditor succeeds to all the rights of
the judgment debtor as fully as he could succeed to them by
grant or otherwise.

This, however, is upon the supposition that the person in
whose name the title is taken is a stranger. In this case, the
title was taken in the name of the wife, and not in the name of
a stranger. The rules of law are not the same in the two cases.
In the case of a stranger, in the absence of all proof, the pre-
sumption is that the grantee takes a mere naked fee in trust for
the real purchaser. In case of the conveyance to the wife of the
party paying the purchase money, in the absence of all proof,
the presumption is that she is to take the equitable as well as
the legal estate, and the entire beneficial interest vests in her.
In either case, however, it is simply a presumption in the ab-
sence of evidence as to the true interest of the parties. While,
in the case of the stranger, it is competent to prove that the pur-
pose and intention were to vest the entire estate in the grantee,
equitable as well as legal, as a gift, or as payment or security for
a discharge of an existing debt, so, in the case of a conveyance
to a wife, the transaction is open to proof that it was not in-
tended to vest the equitable as well as the legal estate in her.

It becomes necessary, therefore, in this case, to look into the
facts, and see what were the claims of the parties and what issues
were found by the jury. It is to be observed that there was no
claim made at the trial that the husband and wife were jointly

interested in the purchase, nor as to the rights of the parties in such case. Nor was the question raised, what would be the rights of the wife, if the husband had paid his own money for the purpose of vesting both the legal and equitable estate in her ; nor whether, at the time of the conveyance to her, he was in a condition in which he could legally cause such conveyance to be made to her. The claim that she made was not under right derived from her husband. Her claim was that she was the purchaser ; that she paid her own money for the estate, and that the whole legal and equitable estate vested in her, without any right in her husband in law or equity ; in fact, that she was the purchaser, in her own right, for her own benefit and with her own money. The demandant, however, denied this and contended that the husband was the purchaser, with his own money and for his own benefit. The real issue to the jury was, which purchased the estate, the husband or the wife ? If the wife, then the estate became hers legally and equitably, and the jury were rightfully instructed that she must prevail. If the husband was the purchaser, it did not follow of course that the property was liable to be levied upon as his, but his intent and purpose in the purchase were subjects of inquiry. The demandant took the burden of showing that it was not a purchase by the husband for the benefit of the wife, as would be presumed if nothing else appeared except payment of the purchase money by himself and conveyance to the wife ; but that it was a purchase by himself for his own benefit, and with intent to defeat, delay and defraud creditors. Nor does the wife claim anything through or under her husband. She did not claim to hold any estate under him or any title derived from him. It was a simple question of fact, which bought the estate. The jury have settled that fact. Their verdict fixes the fact that her husband, and not she, bought the estate. It is easy to raise questions of difficult solution upon the facts which existed or which might be claimed to exist ; but such questions were not raised ; the tenant chose to put her claim upon the ground that she, with her own money, purchased the real estate independently of her husband, as independently as if he were a mere stranger, claiming nothing by, through or under him ; and where the jury has found not only that she was not the purchaser, but that the husband was the real purchaser, and for

a purpose entirely inconsistent with her claim, she cannot now claim that she stands in any different relation to the estate, or has any rights to the estate, that she would not have if she were a stranger to and not the wife of the judgment debtor.

In *Persons* v. *Persons*, 10 C. E. Green, 250, which was a bill by the husband directly against the wife to compel a conveyance to him of real estate which had been conveyed to her, but the purchase money for which he contended had been paid by him, the question tried was which paid the purchase money. The wife contended that it was paid by her out of her own money; the husband contended that, although paid by the wife, it was paid by his money, the wife acting as his agent in the payment. The learned chancellor found that the money paid was the husband's money, and, after recognizing the doctrine above stated — that, when the purchase money is paid by the husband and the conveyance is taken in the name of the wife, *primâ facie* the whole estate vests in the wife — he cites many authorities, which have been recognized and acted upon in this Commonwealth, (*Edgerly* v. *Edgerly*, 112 Mass. 175,) to show that such presumption may be rebutted by evidence that such was not the intent of the parties, and finds ample proof that such was not their intention in the defence of the wife in which no such claim was set up, but only the claim that the purchase was by her own money in her own right, claiming nothing under the husband. The same principle is also settled in New Hampshire. *Tebbetts* v. *Tilton*, 31 N. H. 273. *Hall* v. *Young*, 37 N. H. 134.

It is not necessary to decide in terms that under such circumstances a trust would always result to the husband, nor that, in this Commonwealth, such trust, if existing, could be enforced. It is only necessary to decide that, under the right which the statute gives a judgment creditor to levy his execution upon lands " purchased, or directly or indirectly paid for by him," (the judgment debtor,) " the record title to which is retained by the vendor, or is conveyed to a third person, with intent to defeat, delay or defraud the creditors of the debtor, or on a trust for him express or implied, whereby he is entitled to a present conveyance," no such person, in whom the title to land happens to be, has any right, as against the judgment creditor, upon the question whether the relation of debtor and creditor exists or to

. what extent, other than the debtor himself has, and cannot therefore in any collateral proceeding contest the validity or amount of the debt; and we think, both upon principle and authority, that such is the law.

Another question which arose in the case is, whether the court should have given the specific instruction asked for in relation to the payment of the $1000. The presiding judge is not required to adopt the precise phraseology of counsel, and, although the prayer which was refused asked for nothing which the tenant had not a right to ask, she is not aggrieved, because the judge in his own language in his charge to the jury gave the instruction asked for.

Another exception is to the refusal of the judge to give the instruction, that, if Christian F. Peterson was not aware of the incumbrance at the time of his conveyance, the demandant was not his creditor until 1870. The court rightfully ruled that such ignorance had no bearing upon the question when, in fact or in law, the relation of debtor and creditor commenced. The evidence was competent and proper upon the question of intent, and appears to have been admitted and allowed its proper weight on that issue.

The other exceptions need no particular discussion. The objection to the form of the officer's return was manifestly waived. The deeds objected to, the building of a house by the husband upon the land, and the fact that no other property of his could be found, were all admissible to assist the jury in understanding the whole transaction, and in passing upon the question of fraud.

*Exceptions overruled.*