GIOVANNI BERRY vs. MEHITABLE GATES.

Middlesex.   January 8, 1900. — March 1, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Levy — Officer's Return — Judgment — Omission to credit Payments thereon —
Validity of Execution and Sale.*

It is not essential to the validity of an officer's return upon an execution levied on real estate standing in the name of another, that the word "fraudulently" should be inserted therein.

The omission to credit on a judgment certain sums received thereon does not render an execution taken out on the judgment null and void, or a sale thereunder invalid, if such omission was not fraudulent.

WRIT OF ENTRY, to recover certain parcels of land in Framingham.   At the trial in the Superior Court, before *Hardy*, J., the jury returned a verdict for the demandant; and the tenant alleged exceptions, which appear in the opinion.

*H. Dudley*, for the tenant.

*C. F. Choate, Jr.*, for the demandant.

LATHROP, J.   The tenant allowed to go in without objection the officer's return, and the next morning attempted to save his rights by objecting that the return did not show that the levy of the execution was made upon land fraudulently standing in the name of another.   It would seem that no exception was seasonably taken.  *Peterson* v. *Farnum*, 121 Mass. 476.   We need not, however, discuss this question, for the question of the validity of the return is raised by the first request for instructions.   This request is as follows: "If the jury find that the demanded premises were not levied on as 'fraudulently standing in the name of a person other than the debtor,' then the demandant cannot take advantage of the Pub. Sts. c. 172, §§ 1, 49, and the verdict must be for the tenant."

The return of the officer states, in the beginning, that he "seized and took all the right, title, and interest which the within named John R. Rooke has in and to the following described parcels of real estate, the record or legal title to which stands in the name of Mehitable Gates."

If the word "fraudulently" had been inserted before the word "stands," the objection of the tenant would have been met. But there is nothing in the statutes which requires the officer to state in his return that the title fraudulently stands in the name of another. See Pub. Sts. c. 172, §§ 1, 4, 28, 49.

So far as we are aware, it has not been customary in this Commonwealth to insert the word "fraudulently" either in an attachment of real estate standing in the name of another, or in the return of the officer upon a levy on an execution. See *Woodward* v. *Sartwell*, 129 Mass. 210 ; *Cowles* v. *Dickinson*, 140 Mass. 373. The practice in Suffolk County, where levies on real estate are numerous, is not to insert the word "fraudulently."

We see no ground for holding that the first request for instructions should have been given.

The second request for instructions was as follows : " If the jury find that the levy of execution on land of the tenant was made by the officer on an execution the amount whereof was for a larger sum than the amount justly due thereon, then the levy and sale were null and void, and the jury should find for the tenant." This request was based on an offer of proof made by the tenant, after it appeared that the amount of the judgment was $1,729.88, damages, and $39.62, costs of suit, and that afterwards execution issued for $1,629.50, and after the demandant had testified on cross-examination that he proved his judgment against Rooke in insolvency, and received dividends, the amount of which he stated, but which is not stated in the bill of exceptions. The offer of proof is thus stated : " The tenant offered evidence tending to show how large a claim the demandant proved in insolvency, especially that he proved the amount of said judgment which was then unsatisfied; such evidence tending to show also the amount of the dividends received by the demandant on his said proof, the tenant claiming it was for the purpose of showing what the amount of the judgment was, and that the demandant had received payment on account of said judgment which he did not credit thereon when he took out the execution on which the tenant's property was sold."

The bill of exceptions further states that the evidence offered was the demandant's proof of claim (which contained a copy

of said judgment) in the insolvency court in Rooke's case, also the assignee's petition to expunge the demandant's claim, and a certified copy of the order of distribution. This, the tenant contended, would tend, if admitted, to show that the demandant had not allowed substantial credits on the judgment, amounting to "sundry hundreds of dollars, and that at said sale on execution the amount required to satisfy the same was so much larger than the amount which in fact was due thereon." This evidence was excluded, and the tenant excepted.

It is obvious at the outset that the tenant does not seek to go behind the judgment, so that the question whether and to what extent a tenant in a writ of entry can attack collaterally the judgment recovered against his fraudulent grantor does not arise. See *Inman* v. *Mead*, 97 Mass. 310, 314; *Peterson* v. *Farnum*, 121 Mass. 476, 481, 484.

The demandant having obtained a valid judgment, the question is whether the fact that he omitted to credit on the judgment certain sums received thereon, renders the execution taken out on the judgment null and void, and the sale thereunder invalid, there being no offer to show that the omission to make the proper credit was fraudulent.

There was evidence in the case that Rooke, at the time he made the conveyance to his wife through a third person, could not pay his obligations as they matured, and that the conveyance was made with the purpose and intent of hindering, defrauding, and delaying his creditors; that his condition and intent were known to his wife and to the tenant, to whom the wife subsequently conveyed the property; and that no consideration in fact passed between the parties. The tenant therefore does not stand in the position of a purchaser in good faith; and unless it is true that an execution taken out without fraud, for an amount greater than is really due on the judgment, is void, her exceptions must be overruled.

While there is some conflict on this question, the weight of authority is in favor of the view that an execution which issues upon a judgment in an action, although it erroneously states the amount of the judgment, is amendable, and is therefore voidable only, and not void, and that a sale under it is valid, even if it is not amended. *Walker* v. *McKnight*, 15 B. Mon. (Ky.) 467.

*Avery* v. *Bowman,* 40 N. H. 453. *Jackson* v. *Walker,* 4 Wend. 462. *Parmelee* v. *Hitchcock,* 12 Wend. 96. *Peck* v. *Tiffany,* 2 Comst. 451. *Hunt* v. *Loucks,* 38 Cal. 372. *Phillips* v. *Coffee,* 17 Ill. 154. *Durham* v. *Heaton,* 28 Ill. 264. *Cunningham* v. *Felker,* 26 Iowa, 117. *Becker* v. *Quigg,* 54 Ill. 390. *Miles* v. *Knott,* 12 Gill & J. 442. See also *Dewey* v. *Peeler,* 161 Mass. 135.

For these reasons we are of opinion that the tenant's exceptions must be overruled.　　　　　　　　　　　　*So ordered.*