WALTER S. THOMPSON, trustee, *vs.* FRANK T. HORGAN.

SAMUEL C. FRENCH *vs.* FREELAND D. LESLIE.

Suffolk.   Norfolk.   March 21, 1927. — July 11, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Judgment.   Execution.   Fraud.   Contract,* Implied.

In the absence of evidence of fraud on the part of a creditor whereby his debtor was induced to forego his right to a day in court, a judgment against the debtor cannot be attacked collaterally in an action against the creditor by the debtor for money paid on an execution in which the debtor alleges that the creditor in filing documents in court as a basis for procuring judgment and execution had omitted to make proper credits with fraudulent intent to obtain an execution for a sum larger than he was entitled to.

CONTRACT for $5,021.90, money alleged to have been received by the defendant to the plaintiff's use.   Writ dated February 19, 1925.   Also, an action described in the writ as an action of

CONTRACT OR TORT, but with a declaration merely for $2,062.41, money alleged to have been received by the defendant to the plaintiff's use.   Writ dated August 18, 1925.

In each action the plaintiff filed a bill of particulars setting forth the facts stated in the opinion.   The defendants demurred.   The demurrers were heard in the Superior Court by *Morton,* J., and were sustained.   The plaintiffs appealed.

*H. Finn,* for the plaintiffs.

*C. A. Warren,* (*F. W. Doring* with him,) for the defendants.

PIERCE, J.   These two actions are before this court on appeal by the plaintiff in each case from an order of the Superior Court that the demurrer of the defendant to the declaration of the plaintiff be sustained.   In substance the demurrer in each action assigns as a reason therefor that the declaration does not set forth a legal cause of action.

In the case of Thompson *v.* Horgan the defendant on July 14, 1919, obtained a judgment in the Superior Court

against the individual members of the Buena Vista Fruit Company, a copartnership, as indorsers on certain promissory notes indorsed in the name of the copartnership, in the sum of $5,893.31 damages, and costs. July 19, 1919, an execution issued for the full amount. Under the execution a levy and sale were made on the property of certain of the individual members. The defendant received from the plaintiff the sum of $5,021.90; and sometime about February 12, 1920, the execution was returned to court fully satisfied. On May 6, 1918, the defendant had recovered judgment in the Superior Court, in the sum of $420.63 damages and costs of suit, against George E. Stokes, the maker of one of the notes upon which judgment was obtained against the individual members of the copartnership as indorsers on July 14, 1919. Execution had issued for the damages and costs on January 21, 1919, and on February 26, 1919, the plaintiff paid $50 on account of said judgment. The note against the maker was filed in the clerk's office by the defendant, as he was required to do to obtain execution against the indorsers on that note, without disclosing or accounting for the payment of $50 on the judgment against the maker, and execution issued for the full amount.

In the case of French *v.* Leslie the defendant obtained judgment in the jury waived sitting of the Superior Court against the present plaintiff and other defendants, as copartners jointly, as makers and indorsers on certain promissory notes, in the sum of $1,924.80, and he allowed it to be entered on January 2, 1923, for the full amount, and an execution to be issued thereon, without credit for $644.21 which before final judgment he had received in full accord and satisfaction of an earlier judgment against individual indorsers of one of the promissory notes declared on in the principal action. Upon this execution the defendant obtained from the plaintiff the full amount of the judgment and costs, in all $2,062.41.

In each action the plaintiff in substance alleges that the defendant omitted to make proper credits with fraudulent intent to obtain an execution for a larger amount than the defendant was entitled to. In the case of Thompson *v.*

Horgan the plaintiff knew of the payment of the $50 on account, but did not know of the omission of the defendant to credit that amount in the second action or upon the execution which issued on the judgment in that action. In the case of French *v.* Leslie it is not alleged that the plaintiff knew or did not know of the separate judgment, execution and payment, when the final judgment was entered or at the time he paid the amount of the judgment on the execution in the principal action. In each action the plaintiff seeks recovery of the full amount paid on the execution on the theory that it was null and void.

An execution issued on a merged or satisfied judgment is without force, and all proceedings thereon taken subsequently to the satisfaction are without justification. An execution upon a judgment partially satisfied, although it erroneously states the amount of the judgment, is amendable and is voidable only, and an action under it is valid even if it is not amended. *Dewey* v. *Peeler,* 161 Mass. 135. *Berry* v. *Gates,* 175 Mass. 373, 375, 376, and cases cited. In the absence of evidence of fraud of the creditor, whereby the debtor was induced to forego his right to a day in court, a judgment against the debtor cannot be collaterally attacked on the ground that the amount of it had been unconscientiously computed and recovered, in that the creditor intentionally had omitted to credit the debtor with sums which he had paid. *Fuller* v. *Shattuck,* 13 Gray, 70. *Bremner* v. *Hester,* 258 Mass. 425. It is said in *Homer* v. *Fish,* 1 Pick. 435, 439, 440, "that a matter of controversy, which has been inquired into and settled by a court having jurisdiction of the subject, cannot be drawn into question again, in another suit between the same parties, for the purpose of defeating or avoiding the effects of a judgment of the court to which it has been submitted. . . . 'It is most clear, that the merits of a judgment can never be overhauled by an original suit, either at law or in equity. Till the judgment is set aside, or reversed, it is conclusive, as to the subject matter of it, to all intents and purposes.' . . . 'It is a principle of the common law, that a man cannot collaterally impeach, or call in question, a judgment of a court of law, or decree in

equity, to which he is a party.    It can only be done directly, by writ of error, petition for new trial, or bill in chancery.' " *Loring* v. *Mansfield,* 17 Mass. 394.

The entry in each case must be

*Order affirmed.*