Caton, J. Ho satisfactory reason is shown by this bill, why the complainant did not set off his note in the action at law in which the judgment was obtained against him. The reason which he assigns for not having done so is, that he “searched diligently among his papers and could not find said note, for the reason that the same was mislaid.” If this was not sufficient to lay the foundation for the admission of secondary evidence of the contents of the note, it was certainly in his power, by making a more thorough search to have done so. His own oath was sufficient for this purpose, and he does not pretend that he was <, unable to prove the existence and contents of the note. This is not a case in which it is necessary to prove the destruction of the note, as in Rogers v. Miller, 4 Scam., 333. In the present case the note was made payable to the complainant or his order, was over due at the time of the recovery of the judgment against him, and had not been assigned, so that there was no danger that the maker would be made liable to pay the note a second time. With proper diligence the present complainant might have set off this note in that action; he had the option of doing so. He does not state any circumstance in his bill, which shows that his right to enforce the payment of the note, is not as available now, as it was then. It is alleged that the respondent is not a resident of the state, and that he has not any means from which the amount of the note can be collected, but we have not anything presented to us, which shows that this was not equally the case when the judgment was rendered. The demand sought to be set off against the judgment is unliquidated and open to controversy, and we are asked first to try the suit upon the note and then to set off the amount found to be due, against the judgment. It is not within the ordinary jurisdiction of this Court to try an action of assumpsit upon a note, and then set off the judgment recovered upon it against another judgment, merely because the maker of the note has not available means to satisfy his creditor, and this will not be done unless some special circumstance is presented to justify the proceeding. If the party seeking to make the set off, shall have established his claim at law, we will in accordance with the decision in the case of Buckmaster v. Grundy, in 3 Gilman, 626, set off one judgment against another, if one party is unable to enforce his judgment at law. In the case referred to, other claims were investigated, and the amount ascertained to be due was set off, but the claims so investigated partook of the nature of partnership transactions between the contesting parties, and although they might possibly have been within the jurisdiction of a Court of law, yet they were not inappropriate for the consideration of an equitable forum. We think the Circuit Court decided correctly in dismissing this bill, and therefore its decree is affirmed with costs. Decree affirmed.