ALEXANDER WHITEHALL, Appellant, v. JOEL R. SMITH, Appellee.

### APPEAL FROM IROQUOIS.

*The loss or destruction of written instruments must be satisfactorily proven, before parol evidence of their contents can be admitted.*

THIS was an action on the case for a malicious prosecution, commenced by appellee against appellant, at the April term, A. D. 1856, of the Iroquois Circuit Court. Plea, not guilty.

On the trial before RANDALL, Judge, and a jury, the plaintiff called one *H. C. Bryant*, who testified that he was a justice of the peace of said county, and that when Samuel M. Ayres went away to Virginia, he left his books and a box of papers, saying to him that there was the book and papers belonging to his office. Defendant objected, and the court overruled the objection, and allowed the witness to make the statement. Witness then stated that he never made any examination till the commencement of this trial, for the affidavit and warrant stated in the declaration, and that he had only examined the box which had been kept open on his desk since said Ayers had left, and he could n't find them there, and he had then examined every place in his office where the papers might have been placed, and he could n't find them; that Ayers generally pinned his papers to the docket, and he had examined the docket, as Ayers called it, and he could n't find them; that Ayers had left other papers with G. B. Joiner, but what they were, he did n't know. Witness gave further testimony tending to identify the docket as being the docket of said Ayers; that Ayers gave it to the witness, saying it was his docket, and he (witness) believed it to be his docket; that he knew Ayers' signature, and he believed that to be his signature; to all which, defendant objected—objections overruled. Plaintiff then offered the docket in evidence—objected to by defendant; objection overruled by the court.

The plaintiff then called *S. A. Washington*, to prove the contents of the affidavit and warrant. Defendant objected; the court overruled the objection, and allowed the witness to testify what he believed those two papers contained.

The plaintiff then offered in evidence a memorandum signed by S. M. Ayers, J. P., as follows:

PEOPLE OF THE STATE OF ILLINOIS, }
vs. }
JOEL R. SMITH AND WM. SMITH. }

Affidavit filed and sworn to, February 27, 1856. Warrant

issued, 27th day of February, A. D. 1856, returnable forthwith, and subpœna in behalf of the plaintiff, February 28, 1856. Two subpœnas issued in behalf of defendants, and. one in behalf of plaintiff, February 29, one subpœna issued in behalf of defendant. The body of the above prisoners were delivered in court, and the suit dismissed for want of jurisdiction.

S. M. AYERS, J. P.

To the reading of which, defendant objected; objection overruled, and memorandum read. The witness, Washington, then stated that the affidavit and warrant contained the property named in the declaration, except the wagon, which he could n't remember; that he moved to dismiss the proceeding for want of jurisdiction, which the justice did, and the plaintiff and his son were discharged; that record was made upon that affidavit and warrant. To all which defendant objected; objection overruled, and evidence admitted.

The plaintiff then introduced further evidence, tending to show that he took the property, which he was charged with stealing, with the consent of defendant's agent, who had the property in his possession; and defendant introduced evidence tending to show, that after the commencement of this suit, the parties had settled the matter in controversy.

The jury found a verdict for the plaintiff, and defendant moved for a new trial, which was denied by the court, and to this, and the ruling of the court in admitting secondary evidence of the contents of affidavit and warrant, and admitting the docket of Ayres and his declarations, the defendant objected, which were overruled by the court, and to all which the defendant excepted.

DICKEY & WALLACE, for Appellant.

C. H. WOOD, for Appellee.

CATON, C. J. It was too late to take the objection to the form of the verdict. It was cured by the statute of Jeofails. But the proof of the loss of the affidavit and warrant was insufficient to admit secondary evidence of their contents. The affidavit was made before Justice Ayers, and the warrant issued by him. On some occasion, he went to Virginia, and left a part of his papers with the witness, Bryant, and a part with one Joiner. Bryant swore they were not in the box of papers left with him, nor were they pinned into Ayers' docket, which he was in the habit of doing with papers relating to a cause. If it was impossible to get the testimony of Ayers to prove the loss of these papers, there is no excuse shown for not producing

Joiner, or showing by some one else that they were not with those papers left with him.   This was not done.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*