ABNER T. ELLIS *et al.*, Plaintiffs in Error, *v.* WILLIAM HUFF, Defendant in Error.

### ERROR TO LAWRENCE.

If an execution is proved to have been lost, the next best proof of its having existed is the execution docket.

ELLIS and Bowman brought ejectment, claiming title in fee simple for the east half of the north-west quarter of Section 32, Township 5 north, Range 10 west.

Defendant pleaded not guilty.

At September term, 1862, trial by jury, and verdict for the defendant.

Plaintiffs introduced in evidence a judgment in favor of William D. Gallagher, against Samuel V. Allison and Thomas H. Mills, for $229.37, and costs of suit, rendered on the 30th day of October, 1840.

*Edward Thorn, Jr.*, testified, that he was deputy clerk of said court, that he had examined thoroughly in the place in said office where the execution No. 1353, issued on said judgment, should be, if in the office. That the executions returned are kept in boxes and packages of one hundred each. The execution 1353 belongs to the package running from 1300 to 1399; that he did not find it in said package; that he also examined several packages preceding 1300 and succeeding 1399, and failed to find it; that the book offered in evidence was the execution docket.

*Silas J. Stiles* testified, that he was clerk of the said court, and that he had made thorough search in the office for the execution purporting to have issued on said judgment aforesaid, and numbered on execution docket 1353, and had no hesitation in saying that it was not in the office. He also testified that the entry in said docket on a piece of paper pasted to the page of said book, is the manner in which the entries of the returns of executions are sometimes made, for the reason that the space allotted on the docket for the return is not sufficiently large.

*E. Z. Ryan* testified, that he was clerk of said court at the time said execution 1353 was issued, and continued clerk until the summer or autumn of 1848. That the entry on the docket of the issuing of said execution 1353 was in the handwriting of J. Morris, who was then deputy clerk. That the entry of what purports to be the sheriff's return, is in the handwriting of F. A. Thomas, who succeeded the witness Ryan in said office in 1848, and remained in said office till 1850, when he died, and was succeeded by J. Young, who is also dead.

*Samuel Thorn* testified, that he was sheriff in 1847 and 1848, and that Jacob Young was his deputy, and now dead. That he, witness, knows nothing of said execution 1353, or whether it was ever returned or not.

The plaintiffs then offered to introduce in evidence the entries in said execution docket.

To the introduction of which, defendant objected. Objection sustained, and plaintiffs excepted. Plaintiffs also offered in evidence a deed from the sheriff to Abner Ellis for the east half of the north-west quarter of Section 32, Township 5 north, Range 10 west, and deed from Ellis to Bowman for undivided half of said land, dated May, 1856. Objected to, and objection sustained by the court.

The plaintiff then introduced execution issued on judgment of *Gallagher* v. *Allison and Mills*, dated 14th December, 1840.

There was a judgment for the defendant.

The following errors were assigned:

Court erred in excluding from the jury the entries on the execution docket of the issuing of the executions Nos. 1352 and 1353, and the returns on the same.

The court erred in overruling the motion for a new trial.

J. G. Bowman, for Plaintiffs in Error.

If a record is lost, after proof of the loss its contents may be proved like any other document by any secondary evidence, when the case, from its nature, does not disclose the existence of other and better evidence. 1 Greenl. Ev. 509. Where an execution is lost, the execution docket kept by the

Ellis *et al. v.* Huff.

clerk, and the entries therein of the date and amount of the execution, are admissible, in evidence of the facts therein stated. *Dunlap* v. *Berry*, 4 Scam. 330.

Cooke's Ill. Stat., p. 267, sec. 45, requires the clerk to keep a book in which he shall enter the return of the sheriff or coroner of all executions, and, of course, when the original is lost, the record of the return is the next best evidence.

J. Baker, and A. Kitchell, for Defendant in Error.

Breese, J. It is a familiar principle, that the best evidence of which the nature of the case is susceptible, must be produced if in the power of the party seeking to use it. Another equally familiar rule is, that where the highest evidence cannot be had, then resort can be had to the next highest or secondary evidence. The proof was ample, of diligent and repeated searches, and in the proper places, for this execution No. 1353, and by the proper persons, and a failure to find it. The production of the execution would have been the highest and best evidence. Failing in that, the next best proof is the execution docket. The law requires the clerk to enter in a book, to be kept by him for this purpose, the return of the sheriff or coroner of all executions, within thirty days after the same shall be returned, etc. (Scates' Comp. 267, chap. 83, sec. 45.) Having shown the judgment, this entry of the return of the execution, in the absence of the writ itself by reason of its loss, was the best kind of secondary evidence, and should have been admitted. Whether the plaintiff could or not make out a title under it, was a matter for after consideration. He had a right to the evidence furnished by this docket, and the court erred in rejecting it. The judgment must be reversed, and the cause remanded. No judgment was shown on which execution No. 1352 was issued, and consequently as to that, the evidence was properly rejected.

*Judgment reversed.*