JOHN W. BECKER *et al.*

*v.*

JULIA A. QUIGG.

1. LOST EXECUTION—*proof of search therefor—ex parte affidavits.* Upon trial of an application for assignment of dower, in behalf of a widow whose husband derived title to the premises as purchaser at a sale thereof under execution, which was alleged to have been lost, and could not be found, it was *held,* the *ex parte* affidavits of the clerk of the court from which the execution was issued, and of the widow and administratrix of the sheriff who made the sale, were not admissible in evidence to prove that proper search had been made for the lost execution, with the view to lay the foundation for secondary evidence. The persons making such affidavits were competent witnesses, and should have been called to testify before the court in respect to the fact sought to be proven.

2. The rule which, from necessity, allowed a party to a suit, when he was not a competent witness, to make an *ex parte* affidavit as to the loss of a paper, so as to permit secondary evidence of its contents, has no application to third persons who are competent to testify, and where there is no statute authorizing their *ex parte* affidavits to be used for that purpose.

3. EXECUTION DOCKET—*what it may properly contain.* In the book which clerks of the circuit courts are required to keep, for the purpose of entering therein the returns of, the sheriffs or coroners, of all executions, it is proper the column for the entry of the return should be preceded by columns for the names of the parties, the kind of process, date of execution, when returnable, and amount of debt and costs.*

---

*The forty-fifth section of the practice act (Rev. Stat. 1845, p. 419), provides that "the clerk shall enter in a book, to be kept by him for the purpose, the return of the sheriff or coroner, of all executions, within thirty days after the same shall be returned."

4. SAME—*when admissible in evidence.* Where an execution has been lost, and it becomes necessary to prove that it was issued, a transcript from the execution docket is admissible as tending to prove that fact, and the entries preliminary to the return, and which are necessary to an understanding of the last entry, constitute evidence to be considered, with all the other evidence on the subject.

5. VARIANCE *between the judgment and execution docket.* Where a party claimed title to land through a sale thereof under execution, and, the execution being lost, proof that it was issued was attempted to be made by producing a transcript from the execution docket, a variance between the amount of the judgment on which the execution was issued, and the amount of the debt as entered in the execution docket, of fifty-three cents, was regarded as a mere clerical error, which would not vitiate or destroy the title, or be taken advantage of collaterally.

6. DOWER—*degree of proof required on issue of non seizin.* On petition for dower, against parties in possession who claimed title through *mesne* conveyances from the husband of the petitioner, it was *held,* that under the issue of *non seizin,* the demandant in dower is not required to make strict proof of a regular paper title, it being sufficient if she produced such evidence as would raise a fair presumption of the seizin of her husband; such presumption, however, subject to being rebutted by proof of a better and paramount title derived from other source than the husband.

7. ACKNOWLEDGMENT OF DEED *by a feme covert—of its sufficiency.* A certificate of acknowledgment of a deed executed on the twenty-ninth of August, 1845, and purporting to have been made by husband and wife, stated: "This day personally appeared before me Julia Quigg, whose name appears to the foregoing conveyance, and who, by good authority to me given, is the identical person therein named, and acknowledged that she had acknowledged said deed freely, and of her own accord, without any compulsion of her said husband, and all after having been by me examined separate and apart, and the contents of said deed having been by me fully explained to her:" *Held,* the certificate was insufficient to pass the dower right of the wife, as it did not show she was personally known to the officer, or that she relinquished her dower according to the statute.

APPEAL from the Circuit Court of Lee county; the Hon. W. W. HEATON, Judge, presiding.

This was a petition for assignment of dower, presented in the court below by Julia A. Quigg, against Becker and others, the defendants being in possession of the premises, and claiming title through *mesne* conveyances from the husband of the petitioner.

Upon the trial, among other testimony, it was made to appear that George H. Quigg, the husband, derived title through a sale under a judgment recovered by him against Henry B. Truett, in 1841. The execution upon which the sale was made was alleged to have been lost, and to prove that search had been made therefor, the petitioner was allowed, against the objection of the defendants, to give in evidence the *ex parte* affidavits of the clerk of the court from which the execution was alleged to have issued, and of the widow and administratrix of the sheriff who made the sale.

A transcript of the judgment recovered by Quigg against Truett, was given in evidence, by which it appeared the amount of the judgment was $460.17, and costs of suit. Also a transcript from the execution docket, as follows:

"Upon which judgment a writ of *fi. fa.* was issued, as appears by the execution docket of said circuit court, in words and figures in the following form, to-wit:"

| PARTIES' NAMES. | KIND OF PROCESS. | DATE. | WHEN RETURNABLE. | AM'T OF DEBT. | COSTS. | SHFF'S RET'N. |
|---|---|---|---|---|---|---|
| George H. Quigg *v.* Henry B. Truett. | *Fi. Fa.* | Apr. 9, 1841. | July 8, 1841. | 460.70 | 19.03 | |

The premises were conveyed by Quigg and wife, in his lifetime, to John Dement, the intermediate holder of the title. The certificate of acknowledgment of the wife is as follows:

STATE OF ILLINOIS, } ss.
    COOK COUNTY, }

I, George Davis, clerk of the county court, within and for said county, do certify that this day personally appeared before me Julia Quigg, whose name appears to the foregoing conveyance, and who, by good authority to me given, is the identical person therein named, and acknowledged that she had

acknowledged said deed freely, and of her own accord, without any compulsion of her said husband, and all after having been by me examined separate and apart, and the contents of said deed having been by me fully explained to her.

Witness my hand and the seal of said court, this fourth day of September, A. D. 1845.

The court below decreed in favor of the petitioner, and appointed commissioners to set off her dower. The defendants appealed.

Messrs. GOODWIN & WILLIAMS, for the appellants.

Mr. JAMES K. EDSALL, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

Julia A. Quigg filed her petition for assignment of dower, and obtained a decree, to reverse which, appellants have brought the case to this court.

The court erred in permitting, after objection, *ex parte* affidavits to be read as evidence. Appellee's husband was purchaser, at a sheriff's sale, of the premises. The execution under which the sale was had, had been lost, and could not be found. In proof, affidavits of the clerk of the court from which the execution issued, and of the widow and administratrix of the sheriff who made the sale, showing due search for the paper, were offered and admitted. These affidavits were taken out of court, and without any notice to the opposite party.

This court has gone to this extent, and no farther: that a party to the suit may make an *ex parte* affidavit as to the loss of a paper, so as to permit secondary evidence of the contents. This arises from the necessity of the case. Until our recent statute, parties could not be witnesses, except in special cases

before justices of the peace. The general rule was, that a man could not be a witness in his own cause. The exception has been made, as promotive of justice, and from the fact that the loss of a paper is generally known only to the party. *Dormady* v. *State Bank of Illinois,* 2 Scam. 236; *Palmer* v. *Logan,* 3 Scam. 57; *Tayloe* v. *Riggs,* 1 Peters, 591; *Wade* v. *Wade & Brown,* 12 Ill. 89.

Do third persons, in every way competent witnesses, come within the exception? Counsel for appellee cite *Newsom* v. *Luster,* 13 Ill. 176, and *Pardee* v. *Lindley,* 31 Ill. 174. In neither of these cases is the direct question presented or decided. In the first case, the court merely held that an agent might make the necessary affidavit, to satisfy the court, that an original deed had been lost, so as to permit a copy from the record to be read in evidence. This was merely a construction of this provision of the statute: "If it shall appear, to the satisfaction of the court, that the original deed * * * is lost, or not in the power of the party," etc.

The statute did not require any proof of diligent search, but merely that the deed was either lost or not in the power of the party seeking to introduce a copy. Cross-examination would not aid, in regard to such facts. The case in 31 Ill. *supra,* was decided after the enactment of the statute of 1861, which expressly permitted an affidavit to be filed in the cause by the party, or his agent, stating that the deed was lost or not in the power of the party wishing to use it. Gross' Stat. 1869, p. 90, sec. 38. These cases do not, then, decide the question.

One serious objection to the admission of *ex parte* affidavits is, that the opposing party is denied the privilege of cross-examination. This is a most efficacious test for the discovery of truth, and should never be departed from, except from actual necessity. A witness, subjected to this test, can not easily impose on the court, or fabricate falsehood. Appellants were deprived of this right.

Greenleaf, in speaking of the evidence necessary in case of a lost instrument, says: "The party is required to give some

evidence that such a paper once existed, * * * and that a *bona fide,* diligent search has been unsuccessfully made. If it belonged to the custody of certain persons, or is proved, or may be presumed to have been in their possession, they must, in general, *be called and sworn to account for it, if they are within reach of the process of the court.* If the search was made by a third person, *he must be called to testify respecting it.*" 1 Greenl. sec. 558. In *Poignard* v. *Smith,* 8 Pick. 272, the court say: " The affidavit of a party, on the question of loss of a paper, may be admitted to exclude any presumption that he may have it in his possession; but those who may be admitted as witnesses must testify in the usual form, in order that the advantage of cross-examination may be preserved."

We think that the clerk of the circuit court and Mrs. Porter should have been produced as witnesses, and examined in the ordinary mode. It is no answer to say, that these persons did not make affidavit as to any issue of fact. It is true, their evidence was addressed to the court, and not to the jury, but the determination of the court, as to the loss of the execution and the alleged diligent search, was a matter of deep interest to appellants. On that, the case hinged, as appears from the record. They should have had the privilege to cross-examine the affiants, as to the assumed fact of the loss of the execution and the character of the search. The following cases indicate the correctness of this rule: *Rankin* v. *Crow,* 19 Ill. 626; *Whitehall* v. *Smith,* 24 Ill. 166.

It may be proper to remark, that the transcript of the execution docket offered, is competent evidence, tending to prove the issue of an execution. It shows no return, for the reason that probably the sheriff made none. It was kept as such dockets are usually kept by the clerks of the circuit courts of the State. Indeed, we think it eminently proper, that the column for the entry of the return should be preceded by columns for the names of the parties, the kind of process, date of execution, when returnable, amount of debt and costs. The clerk could not enter a return, if none had been made;

but the entries, preliminary to the return, and which were necessary to an understanding of the last entry, constitute evidence to be considered with all the other evidence. *Dunlap* v. *Berry*, 4 Scam. 328; *Ellis* v. *Huff*, 29 Ill. 449.

The slight discrepancy between the amount of the judgment, as entered, and the amount of the debt in the execution docket, is an irregularity which will not' vitiate or destroy the title. It is a mere clerical mistake, which can not be taken advantage of collaterally. *Phillips* v. *Coffee*, 17 Ill. 154.

The decree must, however, be affirmed, notwithstanding the error of the court. The petitioner alleges seizin of her husband during coverture, and that appellants derive their title through *mesne* conveyances from him. They were in possession under such conveyances. The proofs establish these allegations. Under the issue of *non seizin*, the demandant in dower is not required to make strict proof of a regular paper title. Hence the widow need only produce such evidence as will raise a fair presumption of the seizin of her husband. Such presumption may be rebutted by proof of a better and paramount title, derived from other source than the husband. 2 Scrib. on Dower, 199. The authorities fully sustain the principle enunciated. *Griggs* v. *Smith*, 7 Halst. 22; *Forrest* v. *Trammel*, 1 Bailey, 79.

The deed executed by the deceased husband to the grantor of appellants was properly acknowledged by him, but does not divest the widow of her right of dower. The acknowledgment does not show that she was personally known to the officer, or that she relinquished her dower according to the statute. *Lindley* v. *Smith*, 46 Ill. 524.

The decree of the court below is affirmed.

*Decree affirmed.*