## WILLIAM HAAS *vs.* SALEM HARRINGTON.

Worcester.    October 8, 1874.    COLT & MORTON, JJ., absent.

Where a case is submitted to a district court upon a statement of facts, by the terms of which the court is to render judgment for one party or the other, and the judge rules that the plaintiff is not entitled to recover, he has no authority except to render judgment accordingly; and the fact that he goes through the form of taking the verdict of a jury does not entitle his ruling to be revised by this court under the St. of 1872, c. 199, § 15, on a bill of exceptions allowed by him.

CONTRACT on an account annexed.    Trial in the Central District Court of Worcester, the judge of which allowed a bill of exceptions which stated that on the return day of the writ the plaintiff demanded a trial by jury, and that at March term, 1874, the parties submitted the case upon an agreed statement of facts, which was set forth at length, and by which the parties agreed that if the plaintiff was entitled to recover, he was to have judgment for a sum stated and costs ; otherwise, there was to be judgment for the defendant for his costs.    On the facts agreed, " the judge ruled as a matter of law that the plaintiff could not maintain his action, and ordered a verdict for the defendant, and the jury returned their verdict accordingly."    The plaintiff alleged exceptions to this ruling.

*B. W. Potter*, for the plaintiff.

*G. Swan*, for the defendant.

GRAY, C. J.    The St. of 1872, c. 199, § 15, (in force when this case was tried,) allowed exceptions and appeals in matter of law from the District Court to this court only " in cases where a jury trial is had," and in other cases required the appeal to be to the Superior Court.

The parties having submitted the case to the District Court upon a statement of facts on which the court was to render judg

ment for one party or the other, the issue between them was a mere issue of law, there was nothing to be tried by a jury, and there was no jury trial, within the meaning of the statute. When the presiding judge had ruled that upon the agreed statement of facts the plaintiff was not entitled to recover, he had no authority except to render judgment accordingly. The fact that he went through the form of taking a verdict of a jury, in mere obedience to his ruling, and when there was no issue which could legally be submitted to them, is immaterial.

The anomalous clause, inserted in some of the acts creating district courts, which allowed rulings of a local magistrate of inferior jurisdiction to be brought *per saltum* to this court for revision, is now repealed, and appropriate provision made for revising such rulings in the future in the Superior Court.  St. 1874, *c.* 336.                              *Exceptions dismissed.*