SARAH E. KNEELAND *vs.* ISAIAH S. WEBB.

Cumberland.   Decided December 11, 1878.

*Exceptions.   Trial.   Law and fact.*

When a cause is referred to the justice presiding, it is no part of his duty to report the evidence.

In such case, exceptions lie only to his rulings of law on facts found by him. His findings of fact are conclusive and cannot be revised on exceptions.

ON EXCEPTIONS from the superior court.

TROVER.

*G. Hazen*, for the plaintiff.

*B. T. Chase*, for the defendant.

APPLETON, C. J.   This is an action of trover, brought by the plaintiff to recover damages for a wagon, attached by the defendant, a deputy sheriff, in a suit against her husband, and as his property.

The case was referred to the presiding justice, who, as his conclusion from all the evidence submitted, found " the wagon to have been the property, not of the plaintiff, but of her husband, and that she never had either actual or constructive possession of it," at the same time making a full report of the case, and ruled, as matter of law, that the testimony warranted the finding he had made.

The decision was that the defendant was not guilty.

The question is presented upon exceptions.

When a cause is referred to the presiding justice, it is no part of his duty to report the evidence upon which his judgment is based.   His findings are conclusive as to the facts, and it is not for this court to revise his conclusions.

When the case comes before this court upon a report of the evidence, the material is furnished upon which to determine the facts and the law resulting from those facts.   Not so when the cause is referred to the presiding justice ; for in that case this court has nothing to do with the facts as found.   Its only duty is to determine whether the law has been rightly applied to those facts as found by the judicial referee.

In the case before us, upon the facts as found by the justice, there is no question of law raised. If the plaintiff had neither title to nor possession of the wagon in controversy, assuredly she had no ground of action against the defendant.

But the defendant claims by his exceptions to present the question, whether the finding of the presiding justice is justified by the evidence. The justice saw and heard the witnesses ; and his judgment is the conclusion to which he arrived. The exceptions raise the question whether his judgment upon the evidence and the effect to be given to it is correct. But the evidence and its force and effect and the inferences to be deduced therefrom are precisely what were referred to him. The plaintiff claims that the justice drew erroneous conclusions from the facts submitted to his consideration, or else failed to give proper weight to portions of the testimony. If it were so, it is only what is incident to all tribunals ; but this is not a supervising tribunal with authority to correct the errors in the findings of fact of the justice, to whom the parties have referred their controversies.

It does not appear that the right of exception was reserved. If not reserved, there can be no exceptions.

If the right was reserved, there is nothing showing the plaintiff has any just cause of complaint, as to the findings of fact ; but even if there was an erroneous finding of facts, it can not be heard on exceptions. The findings of fact by the presiding justice to whom a cause has been referred are final and conclusive, unless a new trial should be granted for newly discovered evidence or other good cause. *Randall* v. *Kehlor*, 60 Maine, 37, 43. *Curtis* v. *Downes*, 56 Maine, 24. *Haas* v. *Harrington*, 116 Mass. 135.

*Exceptions overruled.*

WALTON, BARROWS, VIRGIN and LIBBEY, JJ., concurred.