### EZRA BAKER ET AL. V. AMANDA WEAVER.

1. JUDGMENT ON A LOST NOTE.

After maturity of a promissory note, drawn payable to order, and lost without indorsement, a judgment at law may be recovered against the makers thereof without indemnity.

2. JURISDICTION OF COURT OF COMMON PLEAS.

Where the amount due upon such note is less than one hundred dollars, an action thereon is not brought within the original jurisdiction of the court of common pleas by reason of its loss without a general indorsement.

ERROR to the Court of Common Pleas of Darke county.

Amanda Weaver filed her petition in the court of common pleas against the plaintiffs in error, alleging that they were the makers of a promissory note for ninety dollars, delivered to her, and by its terms payable to her or her order; that prior to its maturity the note was lost; that it had never been indorsed by her, or delivered by her to any other person, and that at the time of filing the petition the note was past due. She offered to give such indemnity as the court might require, and prayed for judgment for the amount of the note and interest thereon for six months.

A motion was made to dismiss the action for want of jurisdiction. This motion was overruled, the terms of a bond to indemnify the makers against further liability upon the note were fixed, and judgment was rendered according to the prayer of the petition.

Overruling the motion and rendering judgment are assigned as errors.

SHAUCK, J.

The form of the motion was appropriate to raise a question as to the jurisdiction of the court of common pleas over the persons of the defendants rather than the subject-matter of the suit. But if the record discloses that that court had not jurisdiction of the subject, its judgment must be reversed.

So far as the amount in controversy determines the question the case is admitted to have been within the exclusive jurisdiction of a justice of the peace. But in support of the original jurisdiction of the court of common pleas it is argued that the demand asserted, being upon a note lost before due, was of an equitable nature, and for that reason not within the jurisdiction of a justice of the peace. Thayer *et al.* v. King, 15 O., 242, is cited as authority for that conclusion. The later decisions in this state cited by counsel for the plaintiffs in error do not disturb the doctrine of Thayer *et al.* v. King, and it must be accepted as authoritative of the questions that were there determined. The notes upon which that action was founded, were payable to one Layman or order, by him indorsed in blank and delivered to the plaintiffs, and by them lost after maturity. It was held that a recovery might be had at law, because the maker was not entitled to indemnity against the demands of subsequent holders of the notes. As the notes were in the possession of the plaintiffs after maturity, their subsequent loss could not subject the maker to a double recovery, since no one could thereafter become invested with the rights of a *bona fide* holder of the notes. From this course of reasoning, as well as from the language of the court, it is plain that a different conclusion would have been reached in that case if the notes had been lost before maturity. Being indorsed in blank, they would have had all the essential elements of negotiability. Until maturity they would have borne no badge of dishonor, and one acquiring them for value, in the course of

business, and without notice in fact of their loss, would thereby have become vested with all the rights and privileges of a *bona fide* holder.   In this aspect of the case, the fact that the notes were indorsed generally was not less important than their loss before maturity.   Since the reporter's syllabus gives no consideration to this fact, it is not a correct statement of the point decided.

In this view of Thayer v. King, it is in accord with Rogers v. Miller, 4 Scam., 333; Wade v. Wade *et al.*, 12 Ill., 89, Pintard v. Tackington, 10 Johns., 103; Moore v. Fall, 42 Me., 450; and Depew v. Wheelan *et al.*, 6 Blackf., 485.

The doctrine of these cases is that, since courts of law can render only unconditional judgments, where the proper protection of the rights of the maker of a lost note requires, as a condition to a judgment against him, that he be indemnified against such right of action thereon as might vest in a *bona fide* holder, the jurisdiction of a court of law becomes inadequate, and that of the court of equity attaches.   The question of jurisdiction is determined by the maker's right to indemnity.

Applying this doctrine to the petition of Amanda Weaver, it becomes clear that her cause of action is of legal cognizance.   The petition shows that the note was payable to her order, and that she had not indorsed it.   By the terms of the note, no legal title thereto could vest in any other person except upon her indorsement.   Admitting that an equitable interest in a note so drawn may be acquired without indorsement, such interest would vest subject to all defenses, including that of a former recovery by the payee.

Judgment reversed.

M. T. Allen and Devor & Allread, for plaintiff in error.

Calderwood & Breaden, contra.