In Equity.

## GEORGE D. HAMANT *vs.* FRANK N. CREAMER.

Lincoln.    Opinion February 27, 1906.

*Real Estate. Execution Sale. Not Invalidated, When. Unauthorized Fees of Officer. Errors of Clerk Issuing Execution. Final Process Amendable. Power of Court, Suo Motu, to Order Amendments. Amendments Treated as Made, When. R. S., 1883, c. 82, § 142. R. S. c. 78, § 32.*

An execution sale of the whole of a parcel of real estate conveys all the right, title and interest, of every nature, that the debtor has, and is not invalidated by the fact that he owns only an undivided interest in the land.

Such sale is not avoided by the fact that the officer making it taxed, and caused to be satisfied by the sale, fees not authorized by law.

When through an error of the clerk an execution commanded the officer to collect interest from the time of judgment, instead of from thirty days thereafter, the time fixed for payment in the decree, it will not be avoided, and the proceedings based upon it invalidated, if there is sufficient in the execution, taken in connection with other facts, to identify it with the judgment offered in evidence to support it.

Final as well as mesne process may be amended in the furtherance of justice, when no rights of innocent third parties have intervened except those which will be protected by the amendment.

The court suo motu may order such amendments to be made ; and in collateral proceedings where such amendments are allowable, they will be treated as actually made.

*Prescott* v. *Prescott*, 62 Maine, 428, criticised and doubted.

In equity.   On appeal by defendant.   Decree below affirmed with additional costs.

Bill in equity, inserted in a writ of attachment, brought to remove a cloud upon the plaintiff's title to certain land in Waldoboro. Omitting the formal parts, the plaintiff's bill is as follows :

First.   That he the said complainant is in possession of the following described real estate, situate in said Waldoboro and bounded northerly by land of the heirs of the late Ossie Creamer, and land

occupied by Frank A. Miller, easterly and southerly by the Medomak River, westerly by land of heirs of Lewis F. Heavener, containing forty-five acres, more or less, said complainant owning two undivided thirds of said property, by title defeasible only by redemption of the sale referred to below, and acquiring his title by virtue of a sheriff's deed of said property, executed and delivered to him by W. R. Walter, a deputy sheriff of John B. Rafter, sheriff of Lincoln County, said sheriff's deed being so executed and delivered to the complainant pursuant to the execution sale of said property on an execution which issued from our Supreme Judicial Court on a judgment recovered Nov. 3rd, 1903, by Etta M. Creamer *vs.* Alvin Creamer, said sheriff's sale occurring Jan. 18, 1904, being the date of said deed, under a seizure made Dec. 14, 1903.

Second. That at and prior to the time of the conveyances herein referred to the said Alvin Creamer now deceased, was the owner in fee simple of the complainant's said two-thirds of said property, the other third being owned by said Etta M. Creamer.

Third. That on the seventh day of December, A. D. 1903, the said Alvin Creamer, being deeply involved in debt, by reason of the recovery against him of said judgment in favor of said Etta, the same being a specific sum of $404.00, in lieu of alimony, and in addition to her dower equivalent, and being apprehensive of said seizure and sale, which were made shortly thereafter as above stated, and being desirous to defeat the intended levy of his said homestead, which comprised the bulk of all his estate, did make a certain transfer and conveyance of all his right, title and interest in and to said real estate to Frank N. Creamer, the defendant, all of which appears by a certain quitclaim deed, bearing said date of December seventh, A. D. 1903, and recorded in Lincoln County Registry of Deeds Book, 311, page 294, an attested copy of such record to be here in court produced. Said conveyance was received for record Dec. 8, 1903.

Fourth. That said transfer and conveyance of said property was made by said Alvin Creamer for the special purpose of evading the legal effect of said seizure and sale and with the intention of preventing said real estate coming into the hands and possession and

ownership of said judgment creditor or of any purchaser acting at her instance. And so the complainant avers that said transfer to the defendant was a fraudulent conveyance, and its object to hinder, defraud and delay the creditors of said Alvin.

Fifth. That said Frank N. Creamer, at the time of taking and receiving said transfer and conveyance to him, had full knowledge and sufficient notice of all the facts hereinbefore set forth and cooperated with said Alvin in his intent and purpose as above set forth. And the complainant avers that said conveyance was received by said Frank, as it was given by said Alvin, to defeat the purpose of said levy, and to hinder, delay and defraud the creditors of said Alvin. And the complainant further says that there was no consideration for said conveyance.

Sixth. That the complainant brings this bill in his own behalf and that of the said Etta M. Creamer, at whose special instance and request he bid in said property, and whom he represents or to whose rights he succeeds.

Wherefore the complainant prays:

That the said transfer and conveyance of said Alvin to the defendant be declared by the court to be void. That the defendant be prohibited from exercising any control over said property:

That the defendant be ordered and decreed to make, execute and deliver to the complainant a sufficient conveyance of said property, to the end that the cloud upon the title of the complainant of said property be removed, that the complainant may hold said property to his own use and for the benefit of whom it may concern.

And that the complainant may have such other and further relief as the nature of the case may require.

The defendant's answer, omitting formal parts, is as follows:

1. That said Hamant is not in possession of the premises described in paragraph one of his bill, except as tenant in common with the defendant, the said plaintiff either owning the one undivided third part thereof, or acting as agent or representative of Etta M. Creamer named in said paragraph.

The defendant does not know in which of said capacities the plaintiff so occupies, and therefore will require the plaintiff to prove the

same. The defendant further denies that the plaintiff has any right, title or interest whatever in and to the two undivided thirds to which he claims title by virtue of the alleged sale on execution in favor of Etta M. Creamer against Alvin Creamer and by sheriff's deed as set forth in said paragraph one.

2. That Alvin Creamer, on December 7, 1903, was the owner in fee simple of two undivided thirds of the premises described in paragraph one and thereafter on the same day for a valuable consideration conveyed the same to the defendant, which the defendant now holds; that on Jan. 18, 1904, the time of the alleged conveyance by deputy sheriff W. R. Walter the title to said two thirds was not in said Alvin Creamer, but was in the defendant.

3. The defendant admits that Alvin Creamer on Dec. 7, 1903, conveyed his two thirds of said premises to him, but denies the fraudulent acts, intent, designs and purposes as alleged in paragraph three of plaintiff's bill.

4. The defendant denies each and all allegations in paragraph four of plaintiff's bill.

5. The defendant denies each and all the allegations in paragraph five of the plaintiff's bill.

6. The defendant is not informed as to allegations in paragraph six of plaintiff's bill, and therefore denies the same and will require the plaintiff to prove the same, if true.

Wherefore the defendant prays that the plaintiff's bill may be dismissed with costs.

At the hearing on bill, answer and proofs, the Justice of the first instance, after making a finding of facts, which is sufficiently stated in the opinion, issued the following decree:

"Ordered, adjudged and decreed that the bill be sustained; and that the conveyance from Alvin Creamer to the defendant of two third parts in common and undivided of the premises described in the bill was fraudulent and void as against Etta M. Creamer, in whose favor the execution was issued which was levied upon said premises, and cannot be set up to defeat the title of the complainant acquired at a sheriff's sale on January 18, 1904; and that the complainant has good title to two third parts of said premises.

"Said defendant is perpetually enjoined from asserting any title to said premises under said deed from Alvin Creamer, or from in any manner doing any act prejudicial to the title thereto of this complainant.

"And it is further ordered that the defendant make, execute and deliver to complainant within thirty days from entry of this decree, a good and sufficient release and discharge of all his right, title and interest in said two third parts of said premises.

"And that complainant have and recover of the defendant the cost of this suit, for which execution is to issue."

Thereupon the defendant appealed.

*O. D. Castner*, for plaintiff.

*Wm. H. Hilton*, for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, POWERS, SPEAR, JJ.

POWERS, J.    Appeal by the defendant in a bill in equity, brought to remove a cloud upon the plaintiff's title to certain real estate in Waldoboro.   By the decree the plaintiff was enjoined from asserting any title to, and ordered to release to the plaintiff all his interest in two third parts of the premises.   The evidence is not reported, but instead thereof the facts found by the justice who heard the case, and which, as far as material to the grounds relied upon to sustain the appeal, are as follows :

"At the October term of this court, 1903, for Lincoln County, and on the third day of November, 1903, a divorce from the bonds of matrimony was decreed to Etta M. Creamer from her husband, Alvin Creamer, and there was decreed to her in addition to one third interest in the real estate of said Alvin Creamer, that instead of alimony said Alvin Creamer should pay her the sum of four hundred dollars within thirty days from the date of the decree.   In default of payment, execution to issue therefor.   The libel for divorce was inserted in a writ of attachment, on which real estate was attached on March 13, 1903.   Payment of the four hundred dollars not being made, execution issued on the tenth day of December, 1903,

in which the officer was commanded to collect interest from the date of the decree, instead of from thirty days thereafter, the time of payment provided therein.

Upon the execution the officer seized, on December 14, 1903, the whole of the estate described in the bill, instead of two third parts thereof owned by Alvin Creamer, as of the date of the attachment, the lien of which had expired before the execution was issued or the seizure made. Under this seizure the officer proceeded in accordance with the statute to advertise and sell the estate, and did sell the whole land on the eighteenth day of January, 1904, to the complainant, and gave him a sheriff's deed of the same. No objection is made to the formality of these proceedings, leading up to the sale, except that he sold the whole when he should have sold two third parts. The amount for which it was sold was four hundred and thirty four dollars, the whole of which the officer applied in satisfaction of the execution and costs of sale. This included two dollars interest for thirty days, erroneously directed in the execution to be collected, but less than one per cent of the decree, and also included illegal fees of the officer in making the sale, to the amount of fourteen dollars and eighty-eight cents.

At the date of the attachment Alvin Creamer owned the whole of the land described, and on Dec. 7, 1903, he owned two third parts in common and undivided of the same, the other third being then owned by his former wife Etta. On that day he conveyed by quitclaim deed his two third parts to his brother Frank N. Creamer, this defendant.

Since the sale to Hamant he has been in possession of the premises.

I find that Alvin Creamer gave the deed to the defendant for the purpose of preventing his former wife realizing upon her judgment, and the defendant knew of this purpose and participated in it, and that the conveyance was not bona fide, but was fraudulent and void as to Etta M. Creamer, and that on December 14, 1903, two third parts of said estate were liable to seizure and sale on her execution."

The objection that the sale was of the whole land instead of two thirds cannot be sustained. The sale of the whole conveyed all the

right, title and interest, of every nature, that the debtor had. R. S., chapter 78, section 32; *Millett* v. *Blake,* 81 Maine, 531.

As to illegal fees of the officer, it is settled that a levy by appraisement is not avoided because the officer has taxed, and caused to be satisfied in the extent, fees not authorized by law. *Wilson* v. *Gannon,* 54 Maine, 385. With much greater force does the principal apply to a levy by sale. In the latter case, whatever the amount of the judgment and costs of levy as taxed, the whole interest of the debtor is sold, and the officer must account to him for any surplus.

This brings us to the final and principal contention of the defendant, that there is a fatal variance between the execution and the judgment on which the plaintiff claims it was based, in that the officer was commanded to collect interest from the date of the decree, instead of from thirty days thereafter. At the date of the execution R. S. 1883, chapter 82, section 142, was in force, which provided that interest should be collected from the time of judgment or payment, and the form of the execution be varied accordingly.

Whether the error in the execution renders it void or only voidable depends upon whether it is amendable. Every valid execution must be founded upon a judgment. If there is sufficient in the execution, taken in connection with other facts, to identify it with the judgment offered in evidence to support it, then it ought not to be avoided, and the proceedings based upon it invalidated, by an error of an officer of the court. There is neither justice nor reason in visiting the consequences of such mistakes upon either an innocent creditor or purchaser, and the great weight of authority is in accord with this view.

"When an execution can properly issue, a mistake made by the officer in performing the duty of issuing it, is necessarily a mere error or irregularity. It is, however, necessary that an execution should have a judgment to support it; and that it should appear from the execution what judgment is intended to be enforced. The reason why the description of the judgment is inserted in the writ is, that the officer may know what he is to enforce, and that the writ may, by inspection, be connected with the authority for its issuance.

When a sale has been made by a sheriff, we apprehend the purchaser need show in support of his title, nothing except a judgment, an execution thereon, and a sale and conveyance under such execution. When the execution is offered in evidence, it may vary from the judgment in some respects, and correspond with it in others. The question, then, before the court is, Did this execution issue on this judgment? If, from the whole writ taken in connection with other facts, the court feels assured that the execution offered in evidence was intended, issued and enforced upon the judgment shown to the court, then we apprehend that the writ ought to be received and respected." Freeman Ex. section 42. When sufficient appears upon the face of the execution to connect it with the judgment, a variance in amount has been frequently disregarded, or an amendment allowed to make the execution conform to the judgment. Idem sections 42 and 67; *Bissell* v. *Kip*, 5 Johns, page 100, and cases there cited. *Jackson* v. *Ten Eyck*, 4 Wend. 462; *Jackson* v. *Page*, 4 Wend. 584; *Avery* v. *Bowman*, 40 N. H. 453; *Lewis* v. *Lindley*, 28 Ill. 147; *Durham* v. *Heaton*, Idem 264; *Becker* v. *Quigg*, 54 Ill. 390; *Corbin* v. *Pearce*, 81 Ill. 461; *Hunt* v. *Loucks*, 38 Cal. 372; *Dewey* v. *Peeler*, 116 Mass. 135; *Chesebro* v. *Barme*, 163 Mass. 79; *Berry* v. *Gates*, 175 Mass. 373; Note to *Kip* v. *Burton*, 101 Am. St. Rep. 550; 17 Cyc. 1044. In these cases executions calling for from one cent to one thousand dollars more than the judgments, have been amended, or treated as amended, and the sales under them sustained.

Turning now to the decisions in this state we find that in *Smith* v. *Keen*, 26 Maine, 411, the execution recited the recovery of a judgment for $600 damages more than was shown by the record, it was held that such a clerical error was amendable, and a levy under it, for the correct amount of the judgment was sustained. The execution in *Corthell* v. *Egery*, 74 Maine, 41, called for an insufficient balance as still due on the judgment. It was held to be amendable and the levy valid. In *Coffin* v. *Freeman*, 84 Maine, 535, the officer was commanded to collect one dollar more than the judgment. The court there said: "If this does not come within the provision of the statute as an error of the officer, it must fall under the principle

of the decisions above cited respecting the taxation of excessive fees by the officer. It does not avoid the levy. The creditor was not responsible for the error, and there was no intentional wrong on the part of any one." Cases in which the amount, which the officer is commanded to collect, is less than that called for by the judgment, stand upon the same principle. The question is one of identity between the judgment described in the execution and that shown by the record, not the amount of debtor's property which has been taken. In one case he has parted with nothing; in the other he has a full and adequate remedy, either at law or equity as the case may be. In either case he has suffered no harm.

So far as *Prescott* v. *Prescott*, 62 Maine, 428, is opposed to the principle of these cases, it must be regarded as unsupported by the weight of authority and not in harmony with the rule which permits amendments to mesne or final process in the interests of justice. Certainly in the case at bar the fraudulent grantee of the debtor stands in no better position than his grantor to object to the exercise of this salutary power for the protection of an innocent purchaser. *Jackson* v. *Esten*, 83 Maine, 162. The debtor has his remedy against the clerk, or against the creditor, to recover the excess. *Avery* v. *Bowman*, supra; *Hunt* v. *Loucks*, supra. The rights of no innocent third party are involved; and no one can be harmed by an amendment of a trifling clerical error on the part of an officer of the court. In a writ brought upon the judgment in *Prescott* v. *Prescott* setting out the debt as $600 and the whole amount including costs as due at the date of its rendition, instead of $600 and costs payable in twenty days after that date, it was held that the error was amendable. *Prescott* v. *Prescott*, 65 Maine, 478. We are unable to perceive any good reason why final as well as mesne process may not be amended, when no rights of innocent third parties have intervened except those which will be protected by the amendment. An execution is a judicial writ. If the court can permit amendments, to correct the mistakes made by parties and their attorneys in describing the judgment, it ought to be able to do so for the purpose of correcting the same mistake of its own clerk. "At the present day the power to amend executions so as to correct clerical misprisions,

is universally conceded and frequently invoked." Freeman Ex. section 63. There can be no substantial distinction between an error in the command to an officer to collect two dollars too much interest, and one to collect a like excess of debt or of costs.

In *Prescott* v. *Prescott*, 62 Maine, 428, it is said that no motion was made for an amendment or correction of the execution. It is, however, well settled that the court of its own motion may order such amendments to be made. *Hayford* v. *Everett*, 68 Maine, 505; *Caldwell* v. *Blake*, 69 Maine, 458; and that in collateral proceedings where such amendments are allowable, they will be treated as actually made. *Corthell* v. *Egery*, 74 Maine, 41; Freeman Ex. 71; *Dewey* v. *Peeler*, 161 Mass. 135.

Applying the foregoing principles to the case at bar, the only variance relied upon is that the officer was commanded to collect interest upon the amount of the judgment from the date of judgment, R. S., chap. 84, section 158, instead of from the time when it was payable as required by the statute then in force, a difference of two dollars. For aught that appears the execution recited correctly the name of the plaintiff and that of the defendant, the court which rendered the judgment and the term at which and the day on which it was rendered, the amount of the judgment and the time when it was payable. The bill charged and the answer did not deny that the execution issued on a judgment recovered in this court by Etta M. Creamer against Alvin Creamer on Nov. 3, 1903. There is no suggestion in the case that there was any other judgment between these parties. The findings of fact are equivalent to a finding that the execution issued on the judgment which was introduced to support it. It does not appear but that in its minutest detail the execution describes the judgment with absolute accuracy. The variance was in the command to the officer, which was not a part of the description of the judgment. There is nothing whatever to show that the judgment, execution and sheriff's deed were not successive links and parts of the same proceeding. "The burden to show error falls upon the appellant. He must show the decree appealed from to be clearly wrong otherwise it will be affirmed." *Proctor* v. *Rand*, 94 Maine, 313.

There can be no question that the execution was issued upon a valid judgment. The clerical error of the officer of the court is amendable. When it is in the furtherance of justice the power to amend should be exercised with a liberal hand. As between a fraudulent grantee and an innocent purchaser at an execution sale the court will amend its process to protect the latter. The equities are all with the plaintiff. Being in no fault himself, he should not be made to suffer by a mistake of the officer of the court for which he is in no way responsible, and which may be amended as between the original parties and those standing in no better position. The plaintiff is the only innocent third party affected, and his rights will be protected by the amendment. Such amendment may be made by the court of its own motion, and in collateral proceedings will be treated as actually made.

*Decree below affirmed with additional costs.*
*Execution to issue therefor.*