ERASTUS W. PALMER, appellant, *v.* RICHARD A. LOGAN, appellee.

*Appeal from Morgan.*

In an action upon a lost note, where the evidence of the destruction of the note is not conclusive, the plaintiff must show that diligent search has been made in those places where it would be most likely to be found, if in existence.

Before a copy of a lost note can be received in evidence, as a general rule, the existence and loss or destruction of the original must be proved.

The testimony of a plaintiff, addressed to the Court only, is admissible to prove the loss of an instrument in writing, so as to lay the foundation for the introduction of inferior proof of its execution and contents; but this testimony should be by affidavit.

Parol proof is admissible to prove the contents of an instrument in writing, which is lost, of which there is no second higher grade of evidence, after a foundation is laid for the introduction of such proof.

In an action upon lost notes, the preliminary affidavit of the loss stated the execution of the notes, and that the same were unpaid and not discharged, and had been lost or destroyed, without the consent or knowledge of the plaintiff, and that he was unable to find or obtain them, so as to produce them on the trial, and that he, the plaintiff, had been informed and believed, that the said notes had been fraudulently obtained by the defendant, and were then in his possession, or had been destroyed by him: *Held*, that the affidavit was insufficient, in not showing with sufficient certainty, whether the notes were in the hands of the defendant, or de-

(2) R. L. 302; Gale's Stat. 304.

stroyed, and in not stating what diligence and search had been made for the same. In the same case, the plaintiff subsequently filed another affidavit, stating that the notes were lost and destroyed, and that neither of them were in the possession or power of the plaintiff, but the same were out of his possession, and he had no knowledge of their existence, except the statements of the defendant, but believed they were destroyed: *Held*, also, that this affidavit was insufficient.

After issue has been taken upon a declaration in a suit by attachment, the defendant cannot object to proof being given, pertinent to the issue, under a count in the declaration which describes a different indebtedness from that mentioned in the affidavit.

Appearance and pleading to a declaration, in an action by attachment, is equivalent to personal service of process.

If there be any mode of compelling a plaintiff, in a suit by attachment, to confine himself, in his declaration, to the causes of action set out in his affidavit, it must be by motion to strike out, plea in abatement, or demurrer.

Parol proof of a sale of lands is admissible, in an action for the purchase money.

THIS cause was heard in the Court below, at the November term, 1840, before the Hon. Wm. Thomas.

M. McCONNEL and J. A. McDOUGALL, for the appellant.

J. J. HARDIN, D. A. SMITH, and S. T. LOGAN, for the appellee.

SCATES, Justice, delivered the opinion of the Court:

This was an action commenced by the appellant, by *foreign attachment*, against the appellee, in the Morgan Circuit Court, for the recovery of the amount of two several promissory notes. The original affidavit states, "That Richard A. Logan is justly indebted to him (appellant) in the sum of nineteen hundred and eighty-seven dollars, for property sold said Logan, by said Palmer, which property is situated in Pittsfield, Pike county, Illinois, and for which two promissory notes were given by said Logan to said Palmer, in January, 1837, one due twelve months after date, and the other two years after date; which said notes were destroyed, or are in the possession of the said Logan, without ever having been paid. Said Logan is a resident of the State of Kentucky, and not of the State of Illinois, and is possessed of property in said county of Morgan." Whereupon an attachment issued, upon said Palmer's entering into bond, with security, in the penalty of $3974, to the said Logan. At the March term of said Court, the appellant filed his declaration, counting upon said two lost promissory notes, as described in the affidavit, and also upon the sale of town lots in Pittsfield, of the value of two thousand dollars, before then sold and delivered to the defendant. He also filed, at the same time, a written notification to defendant, "to produce, on the trial of this cause, two promissory notes, executed to Erastus W. Palmer, dated about the seventeenth day of January, A. D. 1837, for nine hundred and fifty dollars each, one due one year after date, the other due two years after date; also to produce a deed, dated the same day, from said Palmer to said Logan, for certain town lots in the town of Pittsfield, Pike county, Illinois. The

said Palmer wishes to use them as evidence." At the same time he filed an account, the items of which were composed of the said two notes, with interest, and an item for the sale of said town lots; this last at $2000, and making aggregately the sum of $4089. There was also proof of notice, by publication, filed. The defendant filed a plea in abatement of the pendency of another suit for the same cause of action, without an affidavit, and upon which, it appears, no order was taken. He afterwards filed a special demurrer to the declaration, which being confessed, leave was given to amend, and to the amended declaration a plea of non assumpsit was filed. Issue was joined, a jury came, and not being able to agree, were discharged, by consent. The amended narration counts specially upon each promissory note, as above, and avers it to be lost. It also contains an *indebitatus* count for town lots in Pittsfield, sold and delivered to defendant, and also a general count for money had and received, lent and advanced, laid out and expended, for goods, wares, and merchandise, sold and delivered; and also for divers lands and towns lots, sold to defendant. Plea non assumpsit, and issue. A jury was called, and after hearing the testimony, on motion of defendant, the Court ordered a nonsuit, and rendered a judgment for costs, from which the plaintiff appealed to this Court.

It appears, by the bill of exceptions, that after the jury were empannelled, the appellant offered to read in evidence the affidavit of said appellant, in which he stated, " that the said notes in the plaintiff's declaration mentioned and described, and upon which this suit is brought, were duly made, executed, and delivered to this affiant, as is therein alleged, and that the same are now unpaid, and in no way satisfied or discharged. Affiant further saith, that the said notes have been since lost, or destroyed, without the consent or knowledge of this affiant, and that he is not able to find or obtain the same, so as to produce them on the trial of this cause. Affiant further saith, that he is informed, and verily believes, that said notes were fraudulently obtained by the said Logan, and destroyed by him, or they still remain in his possession." And then offered to prove, by one B. R. Houghton, a witness produced and sworn, the contents of said notes, to which the defendant objected, and the Court sustained the objection, to which the appellant excepted.

He then offered to read in evidence another affidavit of the plaintiff below, which stated, " that the notes sued on in this case are lost and destroyed. Said Palmer further says, that said notes, or either of them, are not in the possession or power of him, the said Palmer, but that the same notes are lost, and out of his possession, and he has no knowledge of their existence, except the statements of said Logan, where they are, but believes them destroyed," and again offered secondary evidence of their execution, and of the contents of said notes, which said testimony was again objected to, and excluded by the Court. The plaintiff then offered

to be sworn to prove the loss of the notes, for the purpose of introducing secondary evidence of their execution and contents, which was refused by the Court. The plaintiff then asked the witness, Houghton, whether he did not know of defendant, Logan's, purchasing land in Pike county, of plaintiff, Palmer, to which defendant also objected, and which was excluded by the Court; to all which the plaintiff excepted.

The plaintiff assigns five causes of error :

*First.* The Court erred in refusing to permit the plaintiff to prove the contents of the notes mentioned in the first count, upon his making the first affidavit mentioned in the record ;

*Second.* The Court erred in refusing to permit the plaintiff to prove the contents and execution of the note sued on, upon his filing the second affidavit mentioned in the record ;

*Third.* The Court erred in refusing to hear the statements of the plaintiff, under oath, to prove the loss of the notes, with a view of letting in proof to the jury of the execution, delivery, and consideration of said notes, and of their loss ;

*Fourth.* The Court erred in refusing to permit the plaintiff to give evidence, under the money counts, and in deciding that he was estopped from doing so by his affidavit for the attachment, and his affidavit of the loss of the notes, &c. ; and,

*Fifth.* The Court erred in each and every decision, order, and judgment made in the case.

The first error assigned questions the decision of the Court in excluding the affidavit of plaintiff from being read in evidence, as a foundation for the introduction of secondary evidence of the contents of the notes sued on.

Where the evidence of the destruction of the instrument is not conclusive, the party must show that diligent search has been made in those places where it would be most likely to be found, if in existence. (1)

Before a copy can be received, as a general rule, the existence and loss, or destruction, of the original must be proved; (2) and it must be shown that the original was genuine. (3)

If proof of the execution of the original, when produced, is not required, this proof is unnecessary, where it is lost, or destroyed, in order to let in secondary evidence. (4)

In New York, Pennsylvania, and North Carolina, the testimony of the plaintiff is admissible, as to the loss of an instrument, so as to lay the foundation for the introduction of inferior proof of its execution and contents, such testimony being addressed to the Court solely. (5)

Much serious and irreparable injustice might be done to indivi-

(1) 12 Johns. 192.     (2) 6 Binney 234; 2 Const. R. S. C. 83; 1 Marsh. 205.
(3) C. C. P., April, 1806, M. S. Rep.; 1 Atk. 246; Skin. 677.
(4) 1 Stark. Ev. 340; 1 Atk. 246.
(5) 1 Stark. Ev. 335, top note 2, and authorities there cited; *Aliter* in Conn., 4 Day 388.

duals, should a different rule prevail. There are many circumstances which might, and most probably would, prevent any other person from knowing the fact of a loss or destruction of a private writing.

To deny him the benefit of his own oath, would, in many cases, amount to a denial of justice. We think the rule sustained by both reason and justice. But it should extend no further than those facts necessary to lay a foundation for the introduction of secondary evidence of the contents of the writing. (1)

Having laid this foundation, parol proof is admissible to prove the contents of promissory notes, and such other writings, of which there may not be a second higher grade of evidence. (2) We are clearly of opinion, that, in practice, it is decidedly preferable to make that proof of loss by written affidavit. (3)

It is the opinion of a majority of the Court, that the affidavits are insufficient, for want of certainty whether the notes were lost or destroyed, or are in the possession of the opposite party, and also in not showing what diligence and search the plaintiff had made for them; and all such facts and circumstances, in his knowledge, from which the Court could judge whether they were lost or destroyed.

The second and third assignments are similar to the first, and are fully considered in disposing of it.

The fourth is the only remaining one that requires examination. This is a statutory proceeding *in rem;* and in contemplation of law is upon constructive notice; on which account alone, doubtless, only the property levied on by attachment, can be sold on execution. Before, therefore, the party can proceed, without personal service, and without judgment, to seize the debtor's property, in the nature of a sequestration, by which he obtains a lien; and for the purpose also of determining the amount of the penalty in which he shall give bond and security to the defendant, to indemnify him for wrongfully suing out the attachment, the law requires an affidavit of the nature and amount of the indebtedness.

Shall the plaintiff be confined, in counting upon the cause of action set forth in his affidavit, to a special declaration upon the promissory notes; or may he declare in any manner he please, upon the same cause of action? The Court below excluded all testimony offered, under the second count for money, and lands and lots sold the defendant. It is unnecessary to decide this question. Suffice it to say, that the plaintiff did so count; to which the defendant appeared and took issue. The appearance is as good as a personal service; and having denied the cause of action set forth in the second count, he cannot, by a demurrer to evidence pertinent to that issue, object the insufficiency of that cause in law to sustain

(1) 1 Hayw. 178; also notes to Phil. Ev., from 140 to 145; 1 Stark Ev. 335, note 2, and authorities there cited.                                  (2) 5 Mass. 101,
(3) *See* Dormady *v.* State Bank, 2 Scam. 236.

the action. If there be any mode of compelling him to count in any particular manner, upon the cause of action set out in the affidavit; or to confine him to that cause alone, upon which we do not feel called upon to give an opinion, it must be by motion to strike out, plea in abatement, or demurrer. But we are clearly of opinion, that neither an objection to the evidence offered under that count, if it be pertinent and legal testimony, nor a formal demurrer to the evidence, will reach it. The question asked the witness, Houghton, was legal and proper, and the answer pertinent to the issue, under the second count.

The Court, therefore, erred in excluding that enquiry.

We are, therefore, of opinion that the judgment of the Court below be reversed, with costs, and that the cause be remanded, with directions to award a *venire de novo*.

*Judgment reversed.*