## ABNER TAYLOR

*v.*

## JASPER McIRVIN.

1. SECONDARY EVIDENCE—*notice to produce.* Where the proof shows that the opposite party has not a deed in his possession, no notice to him to produce the same is necessary, to admit parol evidence of its contents. Proof of the loss of the deed is sufficient.

2. SAME—*diligence of search for lost deed.* Where the grantor of land in the State of Iowa, after the delivery of the deed in this State with covenants of warranty, took the deed with him to have the same recorded in the proper county in Iowa, and on his return said it had been recorded, and some six months afterwards, when informed that it had not been recorded, stated that it was on file with the recorder, but that he had forgotton to pay the fees for recording, and on the trial he testified he had left the same with the recorder in Iowa, whose name he thought was Morgan, and the opposite party produced an affidavit of one Beach, the then recorder, stating that no such deed was on file, it was *held,* that there was no error in admitting secondary evidence of the contents of the deed. If the grantor had informed the grantee, or his agent, in apt time of the name of the person with whom he left the deed, it may have been that proper diligence would have required the grantee to have made inquiry of such person, but giving his name on the trial was too late to require this.

3. SAME—*loss of deed may be shown by affidavit.* As to matters directly in issue, the testimony of witnesses must be taken in open court or upon deposition, so as to afford an opportunity of cross-examination, but as to some collateral matters, among which is the loss of a document, affidavits taken *ex parte* are competent evidence.

4. WITNESS—*not bound to criminate himself.* Where a witness has testified that whatever judgment might be recovered was for his benefit, it is a proper question, to discredit his testimony, to ask him whether he had not gone through bankruptcy without mention of the claim in dispute in his schedule of credits, but the witness is not bound to answer the same, as it tends to criminate him.

APPEAL from the Circuit Court of DeWitt county; the Hon. LYMAN LACEY, Judge, presiding.

Messrs. PALMER & WELDON, for the appellant:

The first question for the jury on the trial was, did Taylor make a deed to McIrvin, as alleged in the declaration? Upon this question the court permitted the following inquiry to be made of the witness Swords: "What kind of a deed?" Answer—"A deed clear of incumbrance—a deed warranted clear of incumbrance." The answer was simply his conclusion, and its admission was error.

Swords was the material witness for the plaintiff. He is substantially the plaintiff, and should have been subjected to a broad and searching cross-examination. If he had made any declaration out of court contradictory to his statements in court, or incompatible with his claim against Taylor, it was the right of the defendant to show such declaration, thereby attacking the credibility of his testimony.

The verdict is against the great preponderance of the evidence, and therefore a new trial should have been granted.

The court permitted proof of the contents of the deed without sufficient testimony as to search.

Messrs. SWEENEY, DONAHUE & KELLY, and Messrs. MOORE & WARNER, for the appellee:

The finding of the jury on a conflict in the evidence should not be disturbed unless it strikes an unprejudiced court as

being grossly unjust. *Robinson* v. *Parish,* 62 Ill. 130; *Palmer* v. *McAboy,* 38 id. 54; *Toledo, Peoria and Warsaw Ry. Co.* v. *Hobble,* 61 id. 389; *Bestor* v. *Moss,* 61 id. 497. As to the proof of diligence and search to produce the lost deed, counsel cited *Wells* v. *Miller,* 37 Ill. 276; *McMillan* v. *Bethold,* 35 id. 250; 1 Greenl. Ev. p. 706, sec. 558 and note 2.

The question to Swords, complained of, was proper, and the witness could have made no other answer less objectionable. It was certainly proper for him to answer it in some way. *Phares* v. *Barber,* 61 Ill. 273; *Miner* v. *Phillips,* 42 id. 123; *Greenup* v. *Stoker,* 3 Gilm. 202.

The question proposed to Swords and disallowed was not proper cross-examination. Nothing had been called out, in the direct examination, about bankruptcy. *Phila. & T. R. R. Co.* v. *Stempson,* 14 Pet. 448-461.

Messrs. PALMER & WELDON, for appellant, in reply, as to the search and diligence required to produce a deed to admit secondary evidence, and as to the place to make the search or inquiry, cited, *Mariner* v. *Saunders,* 5 Gilm. 117; *Minor* v. *Tillotson,* 7 Pet. 99; *Perkins* v. *Cobbett,* 11 Eng. C. L. R. 394; *Simpson* v. *Doll,* 3 Wall. 461; *Rankin* v. *Crow,* 19 Ill. 626; *Pardee* v. *Lindley,* 31 id. 184.

The substance of the lost contract or paper must be proven satisfactorily. *Riggs* v. *Taylor,* 1 Pet. R. 591; *U. S.* v. *Brittin,* 3 Mason, 464; *Whitehall* v. *Smith,* 24 Ill. 165.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is an action of covenant, brought by appellee against appellant, alleging the execution of a deed (with covenants of warranty), by appellant, conveying certain lands in Iowa to appellee with covenants of title free from incumbrance, and charging a breach of the covenants. In one count it is alleged that the deed was lost before it was recorded.

Defendant put in a plea of *non est factum* (not verified by affidavit); also, other pleas traversing specially allegations as to breach of covenants.

The issues were tried at the December term, 1873, and found for plaintiff. This verdict was set aside. The declaration was amended. To this amended declaration defendant, among other pleas, filed one denying the execution of the deed, and this was verified by affidavit. Issues were formed, and at the December term, 1875, a trial was had, resulting in a verdict for plaintiff. After denying a motion by defendant for a new trial, judgment was entered upon the verdict, and from this judgment defendant below appealed.

Several grounds are urged for the reversal of this judgment.

To lay a foundation for oral testimony as to the contents of the deed and covenants mentioned in the declaration, one Swords, a witness called by plaintiff, testified that Taylor (in pursuance of a trade made between Taylor and one Brown, and of a trade made between Brown and the witness,) had consented to convey *to Swords* certain Iowa lands (for which the payment was made to Taylor by Brown); and that in lieu thereof, and at Swords' request, Taylor did make the deed to McIrvin, the appellee, and who is the son-in-law of Swords.

Swords also testified, that at the time of the making of this deed Taylor was owing him a few dollars, and that after the delivery of the deed Taylor suggested that the deed ought to be recorded in Iowa, and offered to take the deed to Iowa and have it recorded, and said as he was owing Swords he would pay the fees for the recording, and that for that purpose he put the deed in Taylor's hands. Taylor soon after went to Iowa, and on his return told Swords that he had the deed recorded. All this occurred in 1859.

Swords also testified that some six months afterward, having information that the deed had not been recorded, he called on Taylor, and Taylor said it might not be recorded, but insisted he had left it there to be recorded and that it was then there on file, and said he had forgotten to pay the fees.

Swords further testified that about two years before the commencement of this action he called on Taylor for the

numbers or description of this land, for the avowed purpose
of writing for the deed, and Taylor gave him the description.

Taylor was also called as a witness on this question, and he
testified that a short time after Swords put this deed in his
possession, in 1859, he delivered it to the recorder of Webster
county, in Iowa. On cross-examination he said he thought
the name of the recorder then was Morgan, and the deed was
a deed to Brown.

Thereupon plaintiff produced and read in evidence an affi-
davit made by Alexander Beach, on the 5th of August, 1874,
saying he was, at that date, the recorder of the county of
Webster, in Iowa, and that no such deed was on record in his
office, and none such was on file there.

Plaintiff then offered to prove by parol, by Swords, the
contents of the deed. Defendant objected that the proof of
loss was not sufficient, but the circuit court held it sufficient,
and admitted proof of the contents of the deed. Defendant
excepted, and assigns that for error.

In this we find no error. Taylor had not the deed, and,
therefore, a notice to him to produce it would have been
futile. It is said it should have been sought for in Morgan's
hands. If Taylor had told Swords or the plaintiff in apt
time that he simply gave it to Morgan, who was the recorder,
it may be that due diligence would have required inquiry of
Morgan, but Taylor first reported the deed as recorded.
Taylor, it is shown, went into that part of Iowa often, and
as often promised to get the deed and bring it to Swords, and
as often, on his return, said he had forgotten. Afterwards,
when told by Swords that he had learned that no such deed
was on record, Taylor said that might be, but it was surely
among the files. The files were explored and it was not
found. It was only on the trial that Taylor comes forward
with the statement which leads to the suggestion that Mor-
gan's testimony should be produced. At that time Morgan
was in Iowa, and it was impossible to produce him at the
trial. We think the circuit court was right in holding that

all had been done to find that deed which the law demanded, and that plaintiff had a right, under the circumstances, to prove the contents by secondary evidence.

It is, however, insisted that the *ex parte* affidavit of the recorder in Iowa was not competent, and that his testimony could only be received from him personally in open court, or by deposition under the statute.

As to matter directly in issue, the testimony of witnesses must be so taken as to subject the witness to cross-examination, but as to some collateral or ancillary matters, and among such as to the loss of a document, affidavits taken *ex parte* are competent.

On the trial, Swords was asked, on cross-examination, whether he had gone through bankruptcy without mention of this claim, and, on objection, the court refused to require witness to answer, and this ruling, appellant insists, was in error. The witness had testified that any judgment in this case " goes to my benefit." It is now insisted that defendant ought to have been allowed to prove that this claim was not in his schedule of credits, for the purpose of impeaching the witness. It would seem the proof would have been competent for that purpose. Appellant had the right to ask the question, but the witness was not bound to answer the question, for the answer sought seems to tend to criminate the witness.

Again, it is insisted that the proof of the contents of the deed was too indefinite to warrant the finding, and that some of the questions permitted by the court left the witness to testify to legal conclusions, rather than distinct facts. Some of the questions are subject to criticism, and the proof is somewhat indefinite, but after a careful examination we find nothing in these suggestions which we think ought to lead to the setting aside of the verdict.

The judgment must be affirmed.

*Judgment affirmed.*