## James A. Farrand, Appellant, v. Deihl Yates et al., Appellees.

### Gen. No. 8,152.

Opinion filed January 25, 1928.

Paul F. Grote, for appellant.

Lee Capps, guardian *ad litem*, and Capps & Weaver, for adult appellees.

Mr. Justice Eldredge delivered the opinion of the court.

Upon a hearing had in the court below upon the bill of complaint, answers, replications and evidence heard before the chancellor, a decree was entered dismissing the bill for want of equity, to reverse which this appeal is prosecuted.

It is charged in the bill, in substance, that on April 7, 1896, Ann Hopkins was the owner in fee of certain real estate in Pike county, containing 58 acres; that on April 7, 1896, said Ann Hopkins and her husband, Benjamin B. Hopkins, conveyed said lands, by warranty deed, to complainant, James A. Farrand (appellant); that on April 1, 1896, M. Lavina Yates and Monroe Yates, her husband, brought suit in the circuit court of Pike county against said Ann and Benjamin Hopkins to recover $5,000; that said Farrand had at that time $2,800 invested in said real estate; that all said parties admitted that said Farrand had said interest in said real estate; that said M. Lavina Yates was a sister of Ann Hopkins, who with her husband, Benjamin, were, at that time, between 55 and 60 years of age and in straitened financial circumstances; that said M. Lavina Yates and Monroe Yates, in order to render financial aid to said Ann and Benjamin Hopkins, to protect the said interest of said Farrand and to end said litigation, did, on April 14, 1898, enter into and execute an agreement, in writing, signed and sealed by said M. Lavina Yates and Monroe Yates, her husband, a copy of which marked Exhibit "A" is attached to and made a part of the bill; that on April 14, 1898, Farrand, a single man, as part of said arrangement, agreement and transaction, conveyed said real estate to said M. Lavina Yates, by quitclaim deed; that in and by the terms of said arrangement, agreement and transaction, the said Farrand retained a vendor's lien against said real estate for the said sum of $2,800; that a life estate in said real estate

was reserved for said Ann and Benjamin Hopkins; that said Ann and Benjamin Hopkins were to pay the taxes, keep up necessary repairs and keep insured the house and barn on said real estate; that interest on said $2,800 was to be paid by said Ann and Benjamin Hopkins to said Farrand; that said Ann and Benjamin Hopkins should have all the time they desired to pay said indebtedness of $2,800; that said M. Lavina Yates and Monroe Yates should not become liable for insurance, taxes and interest during the lifetime of the said Ann and Benjamin Hopkins; that upon the completion of said arrangement, agreement and transaction, the said suit pending in the circuit court of Pike county should be dismissed, and said suit was dismissed; that M. Lavina Yates died intestate January 3, 1904, leaving Monroe Yates, her husband, and Thomas M. Yates, a son, and Margaret Yates, now Margaret Parker, Jefferson O. Yates and Deihl Yates, children of a deceased son, George Yates, as her only heirs; that Monroe Yates died many years ago; that Thomas M. Yates died intestate, December 3, 1916, leaving Margaret T. Yates, his widow and Marianne Yates, his daughter, as his only heirs; that on December 14, 1925, Jefferson O. Yates and Maybelle Yates, his wife, conveyed their interest in said real estate to Margaret T. Yates; that said Ann Hopkins died several years ago; that Benjamin B. Hopkins died February 4, 1925; that during the lifetime of said Ann and Benjamin Hopkins they kept the buildings on said real estate insured and paid taxes thereon; that by reason of said agreement, in writing, executed by M. Lavina Yates and Monroe Yates, her husband, and said deed from Farrand to M. Lavina Yates, and the death of said Ann and Benjamin Hopkins, Farrand, complainant, was entitled to have the said $2,800 paid to him, or to supply the same by the sale of said real estate, or so much thereof as might be necessary to raise the said amount so due said Farrand; that by reason of the death of

said M. Lavina Yates and Monroe Yates, and the death of said Thomas M. Yates and the said deed from Jefferson O. Yates and wife to Margaret T. Yates, the said Deihl Yates, Margaret Parker, Marianne Yates and Margaret T. Yates, have become and now are the owners, in fee, of said real estate, subject to said $2,800 and interest thereon at the lawful rate, from February 4, 1925, the said Marianne Yates being the owner of an undivided one-half thereof, subject to the dower therein of Margaret T. Yates, and the said Deihl Yates, Margaret Parker and Margaret T. Yates being each the owner of an undivided one-sixth thereof; that no part of said $2,800 due complainant was ever paid; that no interest on said $2,800 has been paid since February 4, 1925; that no note was ever given for said $2,800; that there is now due Farrand, complainant, $2,800 and interest at the lawful rate, from February 4, 1925, no part of which has been paid, and that complainant is entitled to foreclose his said lien; prays that defendants, Deihl Yates, Margaret Parker, Marianne Yates and Margaret T. Yates, may be decreed to pay to complainant what may be found to be due him upon taking an account by a short day or in default thereof that said real estate, or so much thereof as may be necessary, be sold under the direction of the court to pay the debt due complainant, and costs, etc.

An answer was filed for the minor defendant, by the guardian *ad litem,* and the defendants, Deihl Yates, Margaret Parker and Margaret T. Yates, filed their joint and several answer. In this joint and several answer it is denied that at the time Ann and Benjamin Hopkins conveyed the real estate in question to complainant, James A. Farrand, that the latter had the sum of $2,800 or any other sum invested in said real estate; denied that said M. Lavina Yates and Monroe Yates, her husband, ever signed, sealed or delivered Exhibit "A," attached to complainant's bill, and denied that said supposed agreement was ever executed

by said Farrand, Ann and Benjamin Hopkins, M. Lavina Yates and Monroe Yates; they admit that Farrand conveyed said real estate to M. Lavina Yates by a quitclaim deed, but expressly deny that said deed was made as a part of said arrangement, agreement or transaction, but aver that said deed was the only arrangement, agreement and transaction between the complainant and said M. Lavina Yates and Monroe Yates, and that a copy of said deed, marked Exhibit "1," is attached to and made a part of the answer; they deny the execution of said agreement marked Exhibit "A" and made a part of the bill of complaint by the said M. Lavina Yates and Monroe Yates, deny that said real estate is subject to a lien for said $2,800, and interest thereon from the date of the death of said Benjamin Hopkins, but aver that said indebtedness, if the same ever existed, has long since been barred by the statute of limitations and that the same did not accrue or arise more than ten years before said bill of complaint was filed and that said defendants did not, at any time, within ten years before the filing of the complainant's bill, ever promise or agree to come to any account for or to pay, or in any way satisfy, the complainant in money for or concerning any of the matters, transactions or dealings alleged in complainant's bill; deny that there is now due to the complainant the sum of $2,800 and interest, or any other amount, but aver that the same has long since been paid or if not paid by the said Ann and Benjamin Hopkins, the right of complainant to bring an action therefor has long since been barred and cut off by laches and the operation of the statute of limitations, and deny that complainant is entitled to foreclose his supposed lien, etc.

Prior to the 7th day of April, 1896, Ann Hopkins owned, and with her husband, resided upon the 58 acres of land mentioned in the bill. There is some evidence tending to show that prior to 1896, she had owned considerable real estate but through financial

reverses had lost all but the 58 acres mentioned. On the date above mentioned, she, with her husband, Benjamin B. Hopkins, conveyed, by warranty deed, this land for a named consideration of $4,000 to the complainant, James A. Farrand. There is no evidence in the record of any facts in regard to this transaction, though there is some proof that at about this time she was indebted to her sister, M. Lavina Yates, who, on April 14, 1896, commenced an action in assumpsit against her and her husband and upon a trial thereof in December, 1897, a verdict was rendered in favor of M. Lavina Yates in the sum of $5,830.89. This verdict was subsequently set aside and a new trial granted, and on May 21, 1898, the suit was dismissed by M. Lavina Yates. M. Lavina Yates died in 1904, and her husband, Monroe Yates, in 1907.

Thomas M. Yates was the son of M. Lavina Yates and Monroe Yates and died in 1916, leaving the defendant, Margaret T. Yates, his widow, and Marianne Yates, his daughter, as his only heirs. Margaret T. Yates, in the settlement of the estate of her husband, found, among his papers, a typewritten document which has been designated as Exhibit "A" and is the basis of this suit. The document is wholly typewritten, even the purported signatures thereon, and is as follows:

"This agreement made and entered into this 14th day of April, A. D. 1898, by and between Ann Hopkins and Benjamin B. Hopkins, her husband, parties of the first part and M. Lavina Yates, party of the second part, and James A. Farrand, party of the third part, all of the County of Pike and State of Illinois: "Witnesseth, That, whereas, the said James A. Farrand did on the 7th day of April, 1896, execute and deliver a bond for a deed for the premises hereinafter described to the said Ann Hopkins; and,

"Whereas, a suit is now pending in the Circuit Court of Pike County, Illinois, in which Monroe Yates

for the use of the said M. Lavina Yates, is plaintiff and the said Ann Hopkins and Benjamin B. Hopkins are defendants; and,

"Whereas, it is mutually desirable by all the parties to this agreement that said suit and all matters between parties hereto, shall be amicably settled;

"Now, therefore, in consideration of the premises, it is agreed that the said James A. Farrand will execute a quit claim deed to the said M. Lavina Yates for the south-west quarter of the south-east quarter and all that part of the south-east quarter of the south-east quarter of Section No. Twenty-nine (29), lying west of the Griggsville and Pittsfield Road, both the above described tracts being in Township No. four (4) South, Range No. three (3) West of the Fourth Principal Meridian in Pike County, and State of Illinois, containing about fifty-eight acres.

"It is further agreed that the said James A, Farrand will retain a vendor's lien against said premises for the sum of Twenty-eight Hundred Dollars ($2800) and reserving also a life estate for the said Ann Hopkins and Benjamin B. Hopkins in said premises.

"It is further agreed that all taxes and necessary repairs shall be paid by the said Ann Hopkins and Benjamin B. Hopkins and that the house and barn located on said premises shall be kept insured for at least the amount of Twenty-five Hundred Dollars ($2500) which shall be payable to the said James A. Farrand as his interest may appear.

"It is further agreed that after the debt of the said James A. Farrand shall be paid the said premises shall be kept insured for the benefit of the said Lavina Yates.

"It is further agreed that if said premises should be destroyed by fire before the debt of the said Farrand is extinguished, then any surplus derived from the insurance after the payment of his debt shall go to the said Lavina Yates.

"It is further agreed that in case the said Ann Hopkins and Benjamin B. Hopkins make default in the payment of the interest to the said James A. Farrand or in the payment of taxes and insurance upon said place that the said Lavina Yates shall have a right to sell so much of said premises as may be necessary to pay the amount of the indebtedness of said James A. Farrand and accrued interest and taxes and insurance from time to time as said interest, taxes or insurance shall become due.

"It is further agreed that the said Ann Hopkins and Benjamin B. Hopkins shall have all the time they desire to pay the said indebtedness of said James A. Farrand so long as they pay the annual interest thereon of seven per cent per annum and pay the taxes and insurance upon said premises.

"It is further agreed that the bond above mentioned as held by Ann Hopkins and Benjamin B. Hopkins, is to be surrendered and canceled upon the execution of the said deed by the said James A. Farrand.

"It is further agreed that in case the residence and barn are destroyed by fire during the lifetime of either the said Ann Hopkins or Benjamin B. Hopkins, that the amount of money derived from the insurance shall be expended in rebuilding the same for the use of the said Ann Hopkins and Benjamin B. during their said lifetime.

"It is further agreed that the said suit pending in the Circuit Court of Pike County, Illinois, shall be dismissed and that all claims whatsoever against the said Ann Hopkins and Benjamin B. Hopkins are to be released in consideration of the entering into this agreement.

"In witness whereof the said parties have hereunto set their hands and seals the day and year first above written.

"Monroe Yates    (Seal)
"M. Lavina Yates   (Seal)"

She showed it to counsel for complainant, who, at that time, she was consulting as her attorney and subsequently this bill was filed.

The record further shows that on said date of April 14, 1898, the complainant, James A. Farrand, executed a quitclaim deed to M. Lavina Yates, as grantee, conveying the lands mentioned and containing a recital as follows: "Reserving a vendor's lien to secure a note of even date herewith for the sum of twenty-eight hundred dollars, due on or before ten years after date with seven per cent interest payable annually and reserving also a life estate in said premises for Ann Hopkins and Benjamin B. Hopkins."

The theory of complainant is that the above reservation in the quitclaim deed executed by him was placed therein by inadvertence and that no note was ever executed by said M. Lavina Yates, but that his right to a vendor's lien is to be controlled wholly by the alleged contract (Exhibit A), the terms of which were wholly carried out. His contention is further that the original of Exhibit "A" was written out in long hand and actually signed by M. Lavina Yates and her husband, Monroe Yates, and delivered to him and has been lost, and an affidavit to this effect was filed by him as a basis for the introduction of secondary evidence of the contents thereof. Appellees are defending as the heirs of a deceased person, and, under section 2 of the Evidence Act, Cahill's St. ch. 51, ¶ 2, complainant was not a competent witness generally, still a plaintiff or complainant, under such circumstances, may make an affidavit of the loss of the instrument, necessary to lay the foundation for secondary proof of its contents. *Becker v. Quigg,* 54 Ill. 390; *Taylor v. McIrvin,* 94 Ill. 488; *Wade v. Wade,* 12 Ill. 89; *Palmer v. Logan,* 4 Ill. (3 Scam.) 56; *Dormady v. State Bank of Illinois,* 3 Ill. (2 Scam.) 236. The affidavit of complainant was competent only to show that the original instrument was lost, as a basis for secondary evidence of the contents

thereof, but it was not proof of the contents of the instrument itself. *Metcalf v. Metcalf,* 219 Ill. App. 96. The secondary evidence introduced to prove the contents of the original document consists of the testimony of the witness, Fred H. Farrand, a brother of complainant. This witness testified, in substance, that he knew Mr. and Mrs. Hopkins well and that he was buying lands on the north and south of the lands in question; that he knew about this contract and inquired about it and Mr. Hopkins showed it to him in 1912; that the instrument he saw had the signatures of Monroe Yates and M. Lavina Yates at the bottom of it written in long hand and they were genuine; that "as far as the facts are concerned, the principal facts, I remember the original instrument and Exhibit 'A' is a copy of it. I do not remember all of the details. Exhibit 'A,' in the essential points, is a copy of that agreement. It was written in long hand but do not know in whose writing; only the names of Monroe Yates and M. Lavina Yates were signed thereto. I don't believe it was over ten years ago, it was after I acquired the land in 1913; it was a short time before these ten years had elapsed." This witness does not pretend to state a single provision of the original document, but that Exhibit "A," in its essential points is a copy thereof, which is a pure conclusion.

The witness, Farrand, above mentioned, states positively that the only signatures on Exhibit "A" were those of M. Lavina Yates and her husband, Monroe Yates, and there is no proof that any of the other parties thereto ever executed it. It is urged, however, by counsel for complainant, that it was not necessary for the other parties to sign the agreement, that it was, in effect, the same kind of an instrument as a deed or mortgage, wherein it is only necessary for the grantors and the mortgagors to execute the same. To this we cannot agree. The alleged agreement attempts to settle and dispose of the rights of three different parties

thereto. These rights are several, different and distinctive as to each party. Each party thereto was bound thereby to do and perform certain things and had certain enforceable rights. It is provided therein that after the debt of said Farrand shall be paid the said premises shall be kept insured for the benefit of M. Lavina Yates, also that if said premises should be destroyed by fire before the debt of said Farrand is extinguished, then any surplus derived from said insurance, after the payment of his debt, shall go to the said M. Lavina Yates; also in case that Ann Hopkins and her husband should make default in the payment of the interest to said Farrand, or in the payment of the taxes and insurance upon said place, that M. Lavina Yates should have a right to sell so much of said premises as may be necessary to pay the amount of the indebtedness to said Farrand, and the accrued interest, taxes and insurance, from time to time, as the latter shall become due. Further, M. Lavina Yates binds herself to dismiss her suit against Ann Hopkins and her husband, and to release all claims whatsoever against them. The complainant is bound to convey the premises to said M. Lavina Yates and Ann Hopkins and her husband are bound to keep the premises insured for at least $2,500, which shall be payable to complainant. Further, that they shall have all the time that they desire to pay said indebtedness to said complainant, so long as they pay the annual interest thereon of 7 per cent and pay the taxes and insurance upon said premises, and also agree to return and cancel the bond before that time executed by said Farrand. The very nature of the duties and obligations imposed upon the respective parties to this agreement, to be enforceable, required the execution of the instrument by all the parties thereto. This instrument never became a binding contract between the parties because it was never executed by all of them.

The above conclusion leads to the inevitable result that whatever rights appellant may have in the lands mentioned must arise out of the reservation made in the quitclaim deed executed by him hereinabove mentioned. Counsel for appellant states, in his brief, "through inadvertance said deed recites that said $2,800 interest of James A. Farrand was evidenced by a note due on or before ten years after date." This is a pure assumption and is not based upon any competent evidence. It is true that appellant's brother testified that he never saw or heard of any note, which, of course, as substantive proof has no weight. If presumptions are to be indulged in it would be more reasonable to presume that complainant himself refused to agree to the terms set out in Exhibit "A" and declined to execute the same, but that the agreement accepted by all parties was that embraced in the quitclaim deed. The evidence does not disclose that complainant was anything other than an active, shrewd business man. He signed this deed, acknowledged and delivered it and no reason is advanced and no evidence offered to prove that he was not fully aware of the provisions therein. The deed had been on record for nearly 28 years before this suit was brought. Appellant never sought to have the deed reformed during the lifetimes of Ann Hopkins or M. Lavina Yates, nor since their deaths. Under the evidence in this case, the deed must stand as the act of appellant and he is bound by the provisions therein. The clause reserving a vendor's lien to secure a note does not disclose by whom the note was executed. The deed conveys the property to M. Lavina Yates and if Exhibit "A" be eliminated from consideration, the natural legal inference and construction would be that the note was executed by the grantee in the deed, M. Lavina Yates. A grantor in his deed may reserve a lien, but, when he does, the deed becomes a mortgage and in equity is treated as a mortgage. *Carpenter v. Mitchell,* 54 Ill. 126; *Gordon*

*v. Johnson,* 186 Ill. 18; *Robinson v. Appleton,* 124 Ill. 276; *Markoe v. Andras,* 67 Ill. 34. Such lien exists by virtue of the express agreement of the parties and is different from an implied vendor's lien, as it leaves no room for implication. *Gordon v. Johnson, supra; Robinson v. Appleton, supra.* There is no evidence and no contention that any interest was ever paid by anybody upon the note or debt and there is no proof indicating any extension of the time of payment. An action to foreclose or enforce an implied vendor's lien is barred if the debt itself is barred by the statute of limitations. *Ilett v. Collins,* 103 Ill. 74. And the same rule applies where an express lien is created in the deed itself.

Counsel for appellant, in order to avoid the application of the statute of limitations, urges that Exhibit "A" created a trust and that as between the trustees and *cestue que* trust the statute of limitations does not operate so long as such trust continues. We have already held that Exhibit "A" never culminated into a contract because it was not executed by all the parties, therefore it is unnecessary to discuss the rule of law suggested.

In our opinion, the deed from appellant to M. Lavina Yates, in so far as appellant was concerned, must be construed as a mortgage and whether a note was executed by M. Lavina Yates or Ann Hopkins, or anybody else, or not, the debt which the deed or mortgage was given to secure was barred by the statute of limitations.

The decree of the chancellor by which the bill was dismissed for want of equity is affirmed.

*Affirmed.*